**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| JAY CONNOR<br><br>                      Plaintiff,<br>    v.<br><br>SERVICEQUIK INC. d/b/a<br>ZING BUSINESS MANAGEMENT<br>SOFTWARE<br><br>                      Defendant. | Case No.<br><br>**JURY TRIAL DEMANDED** |

**PLAINTIFF'S COMPLAINT**

Plaintiff Jay Connor ("Mr. Connor"), by his undersigned counsel, for this complaint against Defendant ServiceQuik Inc., doing business as Zing Business Management Software ("ServiceQuik") as well as its present, former and future direct and indirect parent companies, subsidiaries, affiliates, agents and related entities, alleges as follows:

### I. INTRODUCTION

1. <u>Nature of Action</u>: "Telemarketing calls are intrusive. A great many people object to these calls, which interfere with their lives, tie up their phone lines, and cause confusion and disruption on phone records. Faced with growing public criticism of abusive telephone marketing practices, Congress enacted the Telephone Consumer Protection Act of 1991. Pub. L. No. 102-243, 105 Stat. 2394 (1991) (codified at 47 U.S.C. § 227). As Congress explained, the law was a response to Americans 'outraged over the proliferation of intrusive, nuisance calls to their homes from telemarketers,' *id.* § 2(6), and sought to strike a balance between '[i]ndividuals' privacy rights, public safety interests, and commercial freedoms,' *id.* § 2(9)." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649 (4th Cir. 2019).

2. "The law opted for a consumer-driven process that would allow objecting individuals to prevent unwanted calls to their homes. The result of the telemarketing regulations was the national Do-Not-Call registry. *See* 47 C.F.R. § 64.1200(c)(2). Within the federal government's web of indecipherable acronyms and byzantine programs, the Do-Not-Call registry stands out as a model of clarity. It means what it says. If a person wishes to no longer receive telephone solicitations, he can add his number to the list. The TCPA then restricts the telephone solicitations that can be made to that number. *See id.*; 16 C.F.R. § 310.4(b)(iii)(B) ('It is an abusive telemarketing act or practice and a violation of this Rule for a telemarketer to . . . initiat[e] any outbound telephone call to a person when . . . [t]hat person's telephone number is on the "do-not-call" registry, maintained by the Commission.')…Private suits can seek either monetary or injunctive relief. *Id.*…This private cause of action is a straightforward provision designed to achieve a straightforward result. Congress enacted the law to protect against invasions of privacy that were harming people. The law empowers each person to protect his own personal rights. Violations of the law are clear, as is the remedy. Put simply, the TCPA affords relief to those persons who, despite efforts to avoid it, have suffered an intrusion upon their domestic peace." *Krakauer v. Dish Network, L.L.C.*, 925 F.3d 643, 649-50 (4th Cir. 2019).

3. The Plaintiff also brings this action pursuant to the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et. seq*.

4. Mr. Connor alleges that Defendant sent him multiple calls to a number listed on the National Do Not Call Registry, which violates both the TCPA and the SCTPPA.

5. The SCTPPA prohibits a company from making a call to a South Carolina telephone number that had been registered on the Do Not Call Registry, as Mr. Connor's was prior to receiving the call.

## II.   PARTIES

6. Plaintiff Jay Connor resides in Charleston, South Carolina.

7. Defendant ServiceQuik Inc. is a Delaware corporation with its headquarters and principal place of business in Colorado and which sells its services nationwide, including as it attempted to do with Mr. Connor in South Carolina.

## III.   JURISDICTION AND VENUE

8. <u>Jurisdiction.</u> This Court has federal-question subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because the TCPA is a federal statute. 47 U.S.C. § 227; *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 372 (2012). The Court has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a) because Plaintiff's claim for violation of the SCTPPA relates to the same telemarketing campaign as the TCPA claim.

9. <u>Personal Jurisdiction</u>: The Court has general personal jurisdiction over the defendant because it is headquartered and has its principal place of business in Colorado.

10. <u>Venue</u>: Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1) because all Defendants reside in this District.

## IV.   FACTS

### A.   The National Do Not Call Registry

11. The National Do Not Call Registry allows consumers to register their telephone numbers and thereby indicate their desire not to receive telephone solicitations at those numbers. *See* 47 C.F.R. § 64.1200(c)(2).

12. A listing on the Registry "must be honored indefinitely, or until the registration is cancelled by the consumer or the telephone number is removed by the database administrator." *Id.*

3

13. The TCPA and implementing regulations prohibit the initiation of telephone solicitations to residential telephone subscribers to the Registry and provides a private right of action against any entity that makes those calls, or "on whose behalf" such calls are promoted. 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2).

### B. The SCTPPA

14. On May 18, 2018, the State of South Carolina signed into law the South Carolina Telephone Privacy Protection Act, S.C. Code § 37-21-10 *et. seq.*

15. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to a South Carolina telephone number that has been listed on the National Do Not Call Registry. *See* S.C. Code § 37-21-70.

16. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made. *See* S.C. Code § 37-21-40.

17. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. S.C. Code § 37-21-80. The SCTPPA also provides for an award of attorneys' fees and costs. *Id.*

### C. Unsolicited Telemarketing to Plaintiff

18. Plaintiff Connor is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

19. Plaintiff's residential telephone number is (843)-XXX-XXXX.

20. 843 is a South Carolina area code.

4

21. Plaintiff placed the number on the National Do Not Call Registry in 2022.

22. The number is a residential telephone line because it is assigned to a wireless, cellular telephone exchange service for consumers and is not assigned to a telephone exchange service for businesses.

23. The number is in Mr. Connor's name and he pays the bill.

24. Mr. Connor uses the number for personal, residential, and household reasons.

25. Mr. Connor does not use the number for business reasons and the number is not registered in the name of a business.

26. Plaintiff Connor never consented to receive calls from Defendant.

27. Plaintiff Connor never did business with Zing Business Management Software.

28. Despite this, Plaintiff received two text messages from the telephone number 720-927-8973 on February 23, 2024 at 18:41z.

29. The first message read, "`Hi, this is Sally from Zing website design. We're offering a fully built website for only $19/ month for businesses like Arbor Craft Builders- no contrac`"

30. The second message read, "`t! Can I send you a sample of our work? Reply "not interested" to opt out`"

31. The Defendant used a third-party text messaging platform named WooSender to send the text messages.

32. The Defendant obtained the list of telephone numbers it contacted using this illegal SMS text message campaign from an individual named Dara Komarac on Fiverr, a website that sells goods and services for five dollars.

5

33. The numbers were never represented as having any consent to contact their recipients.

34. WooSender allows persons sending text messages using its platform to scrub against numbers on the National Do Not Call Registry for an extra fee.

35. However, the Defendant did not pay the fee and therefore did not scrub any of the approximately 360,000 text messages it sent as part of this telemarketing campaign against the Do Not Call Registry.

36. As evidenced through the plain text of the message, the message also did not identify the sender by first and last name, nor did it identify the true, legal corporate identity of "Zing website design."

37. The text messages received by Plaintiff were sent for the purpose of encouraging the purchase or rental of, or investment in, property, goods, or services as they seek to have him purchase the Defendant's website design services.

38. Under the TCPA, as confirmed by the Supreme Court, text messages are "calls" for the purposes of the TCPA. *Campbell-Ewald Co. v. Gomez*, 577 U.S. 153, 153 (2016).

39. The calls were nonconsensual encounters.

40. Indeed, as described, the Defendant had the opportunity to scrub the numbers it sent the text messages to against cell phones included on the Do Not Call Registry, or alternatively obtain prior express written consent to contact them, but did not.

41. Plaintiff never ever did business with the Defendant.

42. Plaintiff's privacy has been violated by the above-described telemarketing messages.

43. The aforementioned messages to the Plaintiff were unwanted.

44. Plaintiff and all members of the Class, defined below, have been harmed by the acts of Defendant because their privacy has been violated and they were annoyed and harassed. In addition, the calls occupied their storage space, network resources, bandwidth, and battery life, rendering them unavailable for legitimate communication, including while driving, working, and performing other critical tasks.

**FIRST CAUSE OF ACTION**
**Telephone Consumer Protection Act**
**Violations of 47 U.S.C. § 227(c)**

45. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

46. The foregoing acts and omissions of Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf constitute numerous and multiple violations of the TCPA, 47 U.S.C. § 227, by making telemarketing calls, except for emergency purposes, to the Plaintiff and the Class despite their numbers being on the National Do Not Call Registry.

47. The Defendant's violations were negligent, willful, or knowing.

48. As a result of Defendant's and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf violations of the TCPA, 47 U.S.C. § 227, Plaintiff and members of the Class presumptively are entitled to an award of between $500 and $1,500 in damages for each and every call made.

49. Plaintiff and members of the Class are also entitled to and do seek injunctive relief prohibiting Defendant from making telemarketing calls to numbers on the National Do Not Call Registry, except for emergency purposes, in the future.

## SECOND CAUSE OF ACTION
### SCTPPA

50. Plaintiff repeats the prior allegations of this Complaint and incorporates them by reference herein.

51. The SCTPPA prohibits, *inter alia,* a party from initiating, or causing to initiate, a telephone solicitation to an area code of the state of South Carolina to a number that is registered on the National Do Not Call Registry.

52. The SCTPPA also requires, at the outset of a telephone solicitation, that a telephone solicitor shall provide, in a clear and conspicuous manner, a first and last name to identify himself and provide the name of the person on whose behalf the telephone solicitation is being made.

53. The SCTPPA allows for aggrieved individuals to initiate an action and recover $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA, as well as attorneys' fees and costs. S.C. Code § 37-21-80.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for the following relief:

A. An order enjoining Defendant and/or its affiliates, agents, and/or other persons or entities acting on Defendant's behalf from making telemarketing calls to numbers using an artificial or prerecorded voice, absent an emergency circumstance;

B. An award to Plaintiff of damages, as allowed by law; and

C. Orders granting such other and further relief as the Court deems necessary, just, and proper.

## V. DEMAND FOR JURY

Plaintiff demands a trial by jury for all issues so triable.

RESPECTFULLY SUBMITTED AND DATED this August 19, 2024.

> */s/ Andrew Roman Perrong*
> Andrew Roman Perrong, Esq.
> *Perrong Law LLC*
> 2657 Mount Carmel Avenue
> Glenside, Pennsylvania 19038
> Phone: 215-225-5529 (CALL-LAW)
> Facsimile: 888-329-0305
> a@perronglaw.com
>
> */s/ Anthony Paronich*
> Anthony Paronich
> Email:  anthony@paronichlaw.com
> PARONICH LAW, P.C.
> 350 Lincoln Street, Suite 2400
> Hingham, MA 02043
> Telephone:  (617) 485-0018
> Facsimile:  (508) 318-8100
>
>
> *Attorneys for Plaintiff and the Proposed Class*