# UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE<br><br>Defendant. | Case No. 1:24-cv-02286<br><br>**MOTION TO DENY CLASS CERTIFICATION AND TO DISMISS** |

COMES NOW Defendant, praying that this Honorable Court dismiss the above-referenced action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth below. In the alternative, the Defendant prays this Court deny class certification.

## FACTUAL AND PROCEDURAL HISTORY

On February 23rd, 2024, the Plaintiff received a text message from Defendant's employee, asking if a business called "Arbor Craft Builders" would like a sample of their website design work. On March 3, 2024, the Plaintiff, proceeding *pro se*, filed a complaint in Charleston County Court of Common Pleas in Charleston, South Carolina against the instant Defendant and a young employee of Defendant. (See Exhibit A). He alleged violations of the South Carolina Telecommunications Privacy Act for a single text message, and attached a photo of that message as an exhibit to his complaint. (See Exhibit B).

1

Discovery was conducted in South Carolina state court, and, for the purposes of this motion, the Plaintiff admitted to, *inter alia*, having multiple phone numbers, and knowing that the instant phone number was listed as Arbor Craft Builders' main phone number on Google Maps. (See Exhibit C). The Plaintiff claims he doesn't want his number listed as a business' main phone line on Google Maps, but admits to never having initiated legal action to that aim. Id. Instead, he has filed hundreds of lawsuits in relation to the SCTPA as a "professional plaintiff" wherein he appears to have succeeded in acquiring default judgments against many different entities. (See Exhibit D)

On August 14th the Plaintiff moved to dismiss the State Court action without prejudice, claiming that he had "identified a second alleged text." (Exhibit E) The Plaintiff served the undersigned on August 16th, and the Court granted the Defendant's motion three days later on August 19th. (Exhibits F and G) That same day, the Plaintiff filed the instant action, now alleging that he had in fact been sent two messages. (Dkt. No. 1.) On August 21st, the Plaintiff amended his complaint seeking class certification. (Dkt. No. 6).

On August 28th, the undersigned filed a motion to amend judgment in South Carolina state court, arguing, *inter alia*, that under South Carolina law, the Plaintiff's motion for voluntary dismissal without prejudice should not have been granted automatically without giving the Defendant an opportunity to respond. (Exhibit H) Further, the Defendant argued that because the SCTCPA specifically protects "natural persons" rather than business entities, Plaintiffs' complaint was frivolous, and requested that the Court afford them summary judgment, or, at a minimum, order that Plaintiff reimburse Defendant for attorney's fees incurred thus far in the now-dismissed action. Id. The Defendant further alleged that the dismissal was an attempt at forum-shopping, specifically alleging that the Plaintiff was attempting to bring the action in a

court where the Defendant's attorney was not licensed. (*Id.*)  The undersigned was duly admitted in Colorado District Court on September 11th, and now files the instant motion.

    I.    **MOTION TO DISMISS**

### STANDARD

To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (internal quotation marks omitted). A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable. *Id*. However, the Court does not need to accept conclusory allegations as true. *S. Disposal, Inc. v. Texas Waste Mgmt., a Div. of Waste Mgmt. of Texas, Inc*., 161 F.3d 1259, 1262 (10th Cir. 1998).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009).  Nor is a Court bound to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)).  Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

### ARGUMENT

1. *The Plaintiff fails to state a claim upon which relief can be granted*

The Plaintiff presents a situation to the Court where a message was sent to a number held out as a business' main phone line.

The Do Not Call Registry does not afford protection to business phone lines. *In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 23 F.C.C. Rcd. 9779, 9785 (June 17,

2008) ("[T]he National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."). Nor does it protect individuals who have their phone number listed for a business online. *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618, at *4 (E.D.N.Y. Oct. 2, 2014) ("A telephone subscriber who registers a line with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA"). This is in accordance with the spirit of the TCPA, as the Act was designed primarily to prevent robocalling and the privacy of individuals. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373–74, 132 S. Ct. 740, 746, 181 L. Ed. 2d 881 (2012) (describing how the do-not-call registry portion of the TCPA directs the FCC "to protect the privacy of *residential* telephone subscribers") (emphasis added).

While the Complaint alleges that it is a residential telephone number, that assertion is nothing more than "a legal conclusion couched as a factual allegation." *Twombly, supra*. Therefore, the Plaintiff has failed to state a claim upon which relief can be granted and the Complaint should be dismissed under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

### 2. *For the same reasons, the Plaintiff lacks standing*

Because the Plaintiff is a "professional plaintiff" of TCPA lawsuits, he does not have the privacy interest that the TCPA is intended to protect, and he has not suffered an injury-in-fact. *See, e.g., Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 323 (3d Cir.2015) (stating that Congress did not enable every person or entity to sue under the Act and "[s]omeone with a generalized interest in punishing telemarketers, for example, would not qualify on that basis alone*"); Stoops v. Wells Fargo Bank*, N.A., 197 F. Supp. 3d 782 (W.D. Pa. 2016) (Plaintiff who purchased over 35 cell phones to support his 'business' pursuing TCPA claims did not have

4

constitutional or prudential standing). Therefore, the Plaintiff's claims should be dismissed pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

### 3. Because the Plaintiff received only one message, he is not entitled to relief under the TCPA.

The Plaintiff alleges a cause of action under 47 U.S.C. § 227(c), which provides a private right of action for "a person who has received more than one telephone call within any 12-month period." 47 U.S.C. § 227(c)(5); *see also Shields v. Gawk Inc.*, No. 3:18-CV-00150, 2019 WL 1787781, at *4 (S.D. Tex. Apr. 24, 2019), *report and recommendation adopted*, No. 3:18-CV-00150, 2019 WL 2103423 (S.D. Tex. May 14, 2019) ("This language is critical, as it does not permit the recovery of damages in a private right of action for Section 227(c) violations arising out of the first call to a person within any 12-month period.").

The Plaintiff claims he received two messages, but he maintained that the text at issue here was but a single message for five months in state court, even attaching a photograph of the message to his state court complaint. See Exhibit A. He now, for the first time, claims it was split into two, and conspicuously omits the photograph evidence he submitted the first time. (*See generally* Dkt. No. 1.) The allegation that this was two separate messages is in contravention of Plaintiff's previous position, and is nothing more than a conclusory allegation that the Court needn't accept as true. *Texas Waste Management*, *supra*.

Even assuming *arguendo* that Plaintiff was actually sent two messages, to interpret that as "more than one telephone call" would clearly be in contravention of the intent of the Act. 47 U.S.C. § 227(c) itself simply refers to "telephone calls," but generally text messages are considered calls for the purposes of the TCPA. *See for example Campbell-Ewald Co. v. Gomez*, 577 US 153 (2016). However, because a single telephone call cannot be split up into two parts, Defendant submits that the TCPA's "more than one telephone call" requirement is intended to

punish repeated communications, not two halves of a single message sent simultaneously. *See* 82 C.J.S. Statutes § 379 ("When interpreting a statute, a court begins with the language of the statute but may ascertain the legislative intent from reasonable inferences arising from the statutory language.").

Because the Plaintiff received only one communication, he fails to state a claim upon which relief can be granted under 47 U.S.C. § 227(c)(5) and thus his Complaint should be dismissed.

## II.   CLASS CERTIFICATION SHOULD BE DENIED

### STANDARD

A plaintiff may only sue as a representative member of a class if (1) the class is so numerous that joinder of all members in impracticable, (2) there are questions of law or fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and (4) the representative parties will fairly and adequate protect the interests of the class.  Rule 23(a) of the Federal Rules of Civil Procedure.  The Plaintiff bears the burden of showing that certification meets these requirements. *Wallace B. Roderick Revocable Living Tr. v. XTO Energy, Inc*., 725 F.3d 1213, 1217 (10th Cir. 2013)  Further, a class action may only be maintained if the party seeking class certification meets one of the requirements of Rule 23(b) of the Federal Rules of Civil Procedure.

As the *XTO* court put it:

> Rule 23 is more than a pleading standard. Hence, the party seeking class certification must affirmatively demonstrate his compliance with the Rule—that is, he must be prepared to prove that there are in fact sufficiently numerous parties, common questions of law or fact, etc. Further, the district court has an independent obligation to conduct a "rigorous analysis" before concluding that Rule 23's requirements have been satisfied. Often that analysis requires looking at the merits of a plaintiff's claims.

Id. (internal quotations and citations omitted).

## ARGUMENT

As stated earlier, the Plaintiff is seemingly unique in having his phone number listed online as a business' main phone line. If permitted to proceed, the lawsuit would mainly revolve around whether the instant communication violates the TCPA despite the number being listed online for a business. As mentioned previously, the Do Not Call Registry does not preclude calls to businesses. Thus, there would not be a common question of law or fact over a question affecting members other than the instant Plaintiff.

During discovery in the state court action, the Defendant asserted that it only contacts businesses, not individuals. Thus it is unlikely that there will be a large class of individuals who suffered violations of the TCPA at the hands of Defendant. Indeed, Plaintiff is "class of one" for which certification is not appropriate. *Donaca v. Dish Network, LLC.*, 303 F.R.D. 390, 397 (D. Colo. 2014).

Even if the Plaintiff met the requirements of Rule 23, he hasn't pled as much, as his pleadings in this respect are literally "threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Iqbal*, *supra*; (See Dkt. No. 6, ¶ 52). How the Plaintiff would meet the requirements of Rule 23(b) is unclear, as paragraph 52 is simply a word-for-word resuscitation of the Rule without any application or mention of this case's facts. Id.

Because the Plaintiff has failed to meet any of the requirements of 23(a) or (b), class certification should be denied.

## CONCLUSION

7

For the foregoing reasons, the Defendant respectfully requests that the Court dismiss the action, or, in the alternative, deny class certification, along with any other relief the Court deems just and proper.

                                        Respectfully submitted,

                                        /s/ Daniel Summa
                                        _____
                                        Daniel Summa
                                        Summa Law Firm, LLC
                                        3 Broad Street, #301
                                        Charleston, SC 29401
                                        843-277-9665 office
                                        843-806-2920 fax
                                        daniel@summalawfirm.com

                                        *Attorney for Defendants*

September 16, 2024
Charleston, South Carolina