**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:24-cv-02286-CNS |
| Plaintiff, | ) ) ) | |
| v. | ) ) ) | **DEFENDANT'S REPLY TO PLAINTIFF'S RESPONSE IN OPPOSITION TO MOTION TO DISMISS** |
| SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE | ) ) ) ) | |
| Defendant. | ) ) | |

Defendant is not disparaging Plaintiff but clarifying that the Telephone Consumer Protection Act (TCPA) was not intended to shield individuals who knowingly have their phone numbers listed publicly. The Do-Not-Call Registry is aimed at protecting consumers from unsolicited marketing calls, not businesses. *See* 47 U.S.C. § 227(c)(3). Congress emphasized balancing privacy with "legitimate telemarketing" in the TCPA's purpose. 105 Stat. 2394 § 2(9) (1991).

Plaintiff argues that filing suit doesn't invite violations, likening it to a homeowner installing a burglar alarm (Dkt. No. 17, at 8), but a better analogy would be someone buying an open-all-night diner, keeping the sign out front, then claiming anyone who enters is a burglar. Plaintiff's reliance on *Krauker v Dish Network LLC* is misplaced, as it dealt with a marketing campaign directed specifically to homeowners. 925 F.3d 643 (4th Cir. 2019). In opposing the validity of a class, Dish Network unsuccessfully argued that only the person who registered the number, not the whole household, should have standing to be in the class. *Id*, at 656. The court

disagreed, but that case involved residential marketing campaigns and with data showing "whether a number was residential" that Dish Network couldn't show any error in. *Id*, at 658. This is unlike the current case, which concerns a text message intended for a business.

Similarly, Plaintiff's reference to the *Tsolumba* case is about a different issue: whether cell phones can be classified as "residential" at all for the purposes of the TCPA. No. 5:22-CV-00712, 2023 WL 6146644 (N.D. Ohio Sept. 20, 2023). That Court only allowed the claim to proceed because the number was "not associated with a business" and because of deference to a 2003 FCC ruling that, while not mentioning *Chevron* explicitly, certainly rings of the deferential standard that has been recently overruled in the Supreme Court's decision of *Loper Bright Enterprises v. Raimondo*[1]. *Id*, at *5.

The Do Not Call Registry provisions of the TCPA only apply if a Plaintiff receives two messages, and Plaintiff's own statements suggest he received just one[2]. 47 U.S.C. § 227(c)(5). Casting aside for the moment any argument that he should be judicially estopped from arguing a contrary position from the one in State Court, the fact that he *thought* he only received one message further indicates that he's not within the zone of interests that the Congress intended to protect. To take a hyper-technical approach to this offends common sense: could you say that the message was actually several hundred "mini messages" of ones and zeroes?

Defendant notes the relevance of *Stoops*. 197 F. Supp. 3d 782 (W.D. Pa. 2016). The case is outlined adequately in the motion, but for the purposes of reply, it's important to note that the number in Stoops *was reassigned from a business*, the exact innocent-victim situation that

---

[1] 144 S. Ct. 2244, 2273, 219 L. Ed. 2d 832 (2024) ("courts need not […] defer to an agency interpretation of the law simply because a statute is ambiguous.")

[2] The Plaintiff claims that he has "pled consistently" that he received two messages, but his state court complaint indicates otherwise. *See* Plaintiff's State Court Complaint, Dkt. No. 10-1, ¶¶ 19-25 ("Plaintiff received a text message,"; "The Text was sent by…"; "a copy of the text is attached"; "The purpose of the Text"; "The Text offered website services"). Further, his motion to dismiss in State Court states "Plaintiff recently identified a second alleged text from Defendants on the same day of the first text…" (Dkt. No. 10-5, at 4).

Plaintiff alleges here. *Id*, at 791. Plaintiff might not have had thirty-five cell phones in a shoe box, but having your number in the modern-day yellow pages is arguably worse. Google provides a straightforward process for correcting bad information on its indexes.[3] Courts should not ignore common sense when privacy concerns are exaggerated for litigation.

As *Stoops* reminds us, courts must prioritize cases of genuine harm to ensure justice is served for those truly injury. *Id*, at 806. For these reasons, the Defendant respectfully requests that the Court dismiss the action.

Respectfully submitted,

*/s/ Daniel Summa*

_____
Daniel Summa
Summa Law Firm, LLC
3 Broad Street, #301
Charleston, SC 29401
843-277-9665 office
843-806-2920 fax
daniel@summalawfirm.com

*Attorney for Defendant*

October 18, 2024
Charleston, South Carolina

---

[3] https://support.google.com/maps/answer/3094088?sjid=9951730242255453346-NA