UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE<br><br>Defendant. | ))))))))))))))))) | Case No. 1:24-cv-02286<br><br>**Defendant's Response in Opposition of Plaintiff's Motion for Anti-Suit Injunction** |

Defendant hereby responds to Plaintiff's motion for Anti-Suit Injunction. Dkt. No. 16. For the reasons set forth below, Defendant requests that the Court deny the motion.

**Facts and Procedural History**

On March 3rd, 2024, the instant Plaintiff filed a lawsuit in South Carolina alleging a violation of the South Carolina Telephone Privacy Protection Act (SCTPPA) based on the communication complained of in the instant matter. Dkt. No. 10-1. No federal claims were asserted. *Id.* The Plaintiff, among other things, forced Defendants to prepare for a 30(b)(6) deposition only the cancel the day before. See Exhibit A. The Plaintiff indicated via email that he would soon reschedule the deposition (*Id)*, and thereafter, without consulting or informing the Plaintiff, filed a motion to dismiss which was summarily granted the next day, with judgment entered on August 19. Dkt. Nos. 10-5 and 10-7. Plaintiff then filed the federal action that very same day that judgment was entered (Dkt. No. 1), and it wasn't until Defense counsel received a

1

courtesy notice of the Court's order in the mail that he learned the state court action had been dismissed. See Exhibit B.

As Defendant argued in the state court, the state law claims are frivolous, as the South Carolina Telephone Communications Privacy Protection Act (SCTCPPA) only punishes messages sent to "natural persons" whereas, as we've argued ad nauseum here, the message was sent to a business number listed online for a business. *See* SC Code § 37-21-20(6). Defendant obviously had to incur legal fees as a result of the Plaintiff's state court action, and, given his representation on rescheduling the deposition, didn't realize he was done seeking discovery. Therefore, Defendant filed a motion for the Court to reconsider its summary grant of Plaintiff's voluntary nonsuit and sought summary judgment as well as costs in the action. Dkt. No. 10-8[1].

## Standard

"[A] federal court may not grant an injunction to stay proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." *AECOM Tech. Servs., Inc. v. Flatiron | AECOM, LLC*, No. 19-CV-2811-WJM-KAS, 2024 WL 22639, at *1 (D. Colo. Jan. 2, 2024) (quoting 28 U.S.C. § 2283). "The Supreme Court has made clear that the statute imposes an absolute ban upon the issuance of a federal injunction against a pending state court proceeding absent one of the enumerated exceptions." *Id* (quoting *Atl. Coast Line R. Co. v. Bhd. of Locomotive Engineers*, 398 U.S. 281, 297 (1970)). "The remedy should only be available in extraordinary cases, such as when needed to prevent manifest wrong and injustice." 43A *C.J.S. Injunctions* § 123. "There is a strong public policy against enjoining the prosecution of a foreign action merely because of

---

[1] This exhibit was errantly labeled "Plaintiff's" motion rather than "Defendant's"

inconvenience or simultaneous, duplicative litigation, or where a litigant simply wishes to avail him or herself of more favorable law." *Id*.

## Argument

To the undersigned, the only TCPA case in which an anti-suit injunction was granted is *Mey*, which Plaintiff relies on, but Mey is not analogous at all. 2024 WL 2814701 (N.D. W.V. May 17, 2024). In *Mey*, the plaintiff received a communication that allegedly violated the TCPA and subsequently sent a demand letter to the potential violators. Id. at *1–2. While these violators were communicating about settlement, they instead filed a fraud claim against the would-be federal plaintiff in Puerto Rico state court, drafting the entire complaint in Spanish. Id. Puerto Rico was a peculiar venue, as the state court had no personal jurisdiction over Ms. Mey, who did not speak Spanish, and the court found the state lawsuit to be a SLAPP action intended to harass the federal plaintiff. Id. at *5–6. The court noted the bad faith of this filing, which included deceptive service methods and improper demands for TCPA-related determinations over which the Puerto Rican court had no subject matter jurisdiction. Id.

This case, however, resembles an opposite scenario: Here, the Plaintiff, dissatisfied with state court proceedings, dismissed the case and filed in federal court on the same day, and now seeks to deny the Defendant relief in state court. The Plaintiff's actions resemble the misconduct of the defendants in Mey, rather than that of the plaintiff.

Contrary to Plaintiff's assertion that Defendant seeks to "preempt this Court on the question of TCPA and SCTPPA liability," the state court case contains no federal claim. This is because, in South Carolina state court, Plaintiff alleged only a single text message, while establishing a TCPA violation requires proof of receiving "more than one telephone call in a twelve-month period." 47 U.S.C. § 227(c)(5).

3

Defendant's motion in state court is important. The Defendant has alleged that Plaintiff's actions are harassing and frivolous, given that Plaintiff claims the SCTPPA applies despite the Defendant's phone number being listed publicly for business purposes. Notably, since the Plaintiff's case was dismissed without prejudice, the Defendant remains vulnerable to further litigation and legal fees. Moreover, if the state court determines that the complaint was frivolous, Defendant would be entitled to reimbursement for attorney's fees incurred due to Plaintiff's abandoned "one-text" theory. For these reasons, Defendant has petitioned the state court to reconsider its order granting dismissal without prejudice, which was signed a day after Plaintiff's filing without an opportunity for Defendant to respond. As stated in *27 C.J.S. Dismissal and Nonsuit § 25*, "[a] plaintiff's voluntary dismissal, discontinuance, or nonsuit of an action is subject to objection and denial on grounds of prejudice to the substantial rights of the defendant or opposing party."

In sum, Plaintiff has not met the high burden required for a permanent injunction. The cases Plaintiff cites are extreme examples of bad faith, which is not evident here. Defendant is entitled to be heard on Plaintiff's motion for nonsuit and has requested reconsideration. As the court observed in *Elam v. S.C. Dep't of Transp.*, 361 S.C. 9, 22, 602 S.E.2d 772, 779 (2004), "[t]here is nothing inherently unfair in allowing a party one final chance not only to call the court's attention to a possible misapprehension of an earlier argument, but also to revisit a previously raised argument. It is inherently unfair to disallow such an opportunity."

## Conclusion

For the foregoing reasons, the Defendant respectfully requests that the Court deny the Plaintiff's motion for permanent injunction and grant all other relief as the Court deems just and proper.

    Respectfully submitted,

    /s/ Daniel Summa

    _____
    Daniel Summa
    Summa Law Firm, LLC
    3 Broad Street, #301
    Charleston, SC 29401
    843-277-9665 *office*
    843-806-2920 *fax*
    daniel@summalawfirm.com

    *Attorney for Defendant*

October 24, 2024
Charleston, SC