IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:24-cv-02286-<ins>CNS-</ins>NRN

Jay Connor,

    Plaintiff(s),

v.

ServiceQuik Inc.,

    Defendant(s).

---

**SCHEDULING ORDER**

---

### 1. DATE OF CONFERENCE AND APPEARANCES OF COUNSEL AND PRO SE PARTIES

The conference was held on ~~October 21, 2024~~ <ins>November 15, 2024</ins> by and between:

Andrew Roman Perrong, Esq.
Counsel for Plaintiff and the Class
2657 Mount Carmel Avenue
Glenside, PA 19038
215-225-5529

Daniel Summa
Counsel for Defendant ServiceQuik Inc.,
3 Broad Street, #301

1

Charleston, SC 29401
843-277-9665

## 2. STATEMENT OF JURISDICTION

This court has subject matter jurisdiction over the claims because the TCPA is a federal statute. The parties do not dispute this Court's subject matter jurisdiction. *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 745 (2012).

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

Plaintiff Jay Connor claims as follows: Plaintiff has brought this class action under the TCPA, alleging he received multiple telemarketing text messages advertising the Defendant's services, despite Plaintiff having placed his residential cell phone number on the National Do Not Call Registry and never having consented to the calls to begin with. Mr. Connor also pleads related claims under state law Through the two classes he has pled, Mr. Connor seeks to represent other individuals who received similar communications from the Defendant.

b. Defendants:

Defendant will present several defenses that revolve primarily on how the Plaintiff's phone number is listed as the main business line for a company listed on Google Maps.  These will include:
1) The statutory affirmative defense encompassed in the TCPA that states a company will not be held liable when it has "established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under this subsection." 47 USC §227(c)(5)(C)
2) Judicial estoppel due to Plaintiff's contrary assertions in State and Federal Court regarding how many messages he was sent
3) Lack of Subject Matter Jurisdiction as the Plaintiff was only sent one message
4) Lack of standing as the Plaintiff is not within the zone of interests that the

      TCPA intends to protect
5) Assumption of Risk
6) Waiver
7) Consent
8) As to the State Law Claim:
    a. Lack of standing
    b. Statutory defense including that Defendant implemented reasonable measures to prevent calls to the Do Not Call Registry
    c. Plaintiff cannot recover as the message was not sent to a "natural person" as the act requires

c. Other Parties:

The Plaintiff may need to seek discovery from the following third party entities: Fiverr, Dara Komarac, and Woosender.

Defendant may need to seek discovery from Google and/or Arbor Craft Builders, and the South Carolina Secretary of State

## 4. UNDISPUTED FACTS

The following facts are undisputed:

The parties were unable to agree on any undisputed facts at such an early stage of the litigation.

Defendant submits that it's undisputed that a message was sent to the complained-of number by Defendant

## 5. COMPUTATION OF DAMAGES

The Plaintiff seeks for himself and all class members the maximum statutory damages permitted under the TCPA of $500 for each violation and of $1,500 for each violation done knowingly and willfully. These damages are set by statute under the

TCPA. 47 U.S.C. § 227(c)(5). The total amount of damages will therefore depend upon (1) how many violations the Plaintiff received and (2) the number of class members, to be more fully evaluated in discovery. The Plaintiff also seeks for himself and all class members in South Carolina the maximum statutory damages permitted under the SCTPPA of $1,000 for each negligent violation and $5,000 for each willful violation of the SCTPPA. These damages are set by statute under the SCTPPA. S.C. Code § 37-21-80. The total amount of damages will therefore depend upon (1) how many violations the Plaintiff received and (2) the number of class members, to be more fully evaluated in discovery.

### 6. REPORT OF PRECONFERENCE DISCOVERY AND MEETING UNDER FED. R. CIV. P. 26(f)

a. Date of Rule 26(f) meeting. – See above

b. Names of each participant and party he/she represented. – See above.

c. Statement as to when Rule 26(a)(1) disclosures were made or will be made.

The Parties will make initial disclosures as required by this Court's order for no later than 14 days after the Rule 26(f) conference.

d. Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1). - None

e. Statement concerning any agreements to conduct informal discovery:

The parties have not agreed to conduct any informal discovery beyond that required by their initial disclosures.

f. Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties will discuss procedures and agreements to attempt to reduce discovery and other litigation costs as appropriate and dictated by the needs of the case.

g. Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount

4

of disclosure or discovery will involve information or records maintained in electronic form.

<u>Plaintiff</u>

The Plaintiff anticipates that his claims and addressing defenses will involve electronically stored information in the possession of the Defendant, including calling records. The Plaintiff articulated that the calling records should be preserved and produced in their original native formats so that expert analysis on a classwide basis may be undertaken. The parties do not anticipate any disputes in this regard or otherwise claim that such telephone records would be privileged.

<u>Defendant</u>

Defendant anticipates requesting all pleadings and case history related to actions filed on behalf of Plaintiff relating to alleged telecommunications violations to include any depositions.

h.  Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

The Plaintiff will tender a settlement offer for attempting to resolve the case once the true scope, nature, and extent of the calling conduct is ascertained.

Prior to filing its motion to dismiss, Defendant offered Plaintiff $3,000.00 to resolve the case which was rejected.

# 7.
# CONSENT

All parties   ☐ [have]   X [have not] consented to the exercise of jurisdiction of a magistrate judge.

# 8.  DISCOVERY LIMITATIONS

a.  Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules. –

~~None~~ Each side shall be limited to 4 depositions, excluding experts. Each side shall be limited to 20 interrogatories.

Defendant does not anticipate that the Plaintiff will request extensive depositions or interrogatories

b. Limitations which any party proposes on the length of depositions. ~~None~~ For fact witnesses, depositions shall not exceed 7 hours for one deponent, all other fact depositions are limited to 4 hours. For retained experts, depositions shall not exceed 7 hours.

c. Limitations which any party proposes on the number of requests for production and/or requests for admission. ~~None~~ Each side shall be limited to 20 requests for production, and 20 requests for admission.

d. Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions: - ~~180 days~~ 45 days prior to the close of discovery.

e. Other Planning or Discovery Orders – None at this time

### 9. CASE PLAN AND SCHEDULE

a. Deadline for Joinder of Parties and Amendment of Pleadings: ~~90 Days~~ January 17, 2025.

b. Discovery Cut-off: ~~180 Days~~ July 30, 2025

c. Dispositive Motion Deadline/Class Certification: ~~270 Days~~ August 29, 2025

*[Set time periods in which discovery is to be completed and dispositive motions are to be filed.]*

d. Expert Witness Disclosure

1. The parties shall identify anticipated fields of expert testimony, if any. - The Plaintiff may retain a class-wide expert with respect to analyzing the class-wide calling data for, among other things, identifying class members on the do not call registry,

and evaluating the invalidity of any class-wide consent data.

2.  Limitations which the parties propose on the use or number of expert witnesses. – ~~None~~ Each side shall be limited to 2 expert witnesses, absent leave of court.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before May 30, 2025~~,  20~~.
~~Plaintiff proposes 2 months after the close of formal discovery for the close of expert discovery, to be followed by an appropriate motion for class certification.~~

~~Defendant: March 1, 2025~~

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before June 30, 2025~~, 20~~. [This includes disclosure of information applicable to "Witnesses Who Must Provide a Written Report" under Rule 26(a)(2)(B) and information applicable to "Witnesses Who Do Not Provide a Written Report" under Rule 26(a)(2)(C).]

-  ~~Plaintiff proposes 2 months after the close of formal discovery for the close of expert discovery, to be followed by an appropriate motion for class certification.~~

~~Defendant: May 1, 2025~~

e.  Identification of Persons to Be Deposed:

Jay Connor, Plaintiff, 1 Day of 8 Hours
As-yet unidentified corporate representatives of ServickQuik Inc, 1 Day of 8 Hours
As-yet unidentified corporate representatives of Fiverr, 1 Day of 8 Hours
Dara Komarac, 1 Day of 8 Hours
As-yet unidentified corporate representatives of Woosender, 1 Day of 8 Hours

### 10. DATES FOR FURTHER CONFERENCES

*[The magistrate judge will complete this section at the scheduling conference if he or*

*she has not already set deadlines by an order filed before the conference.]*

a. Status conferences will be held in this case at the following dates and times: <span style="color:red">Telephonic Status Conference is set for April 3, 2025, at 10:00 a.m. before Magistrate Judge N. Reid Neureiter in Courtroom A401, Fourth floor, Alfred A. Arraj Courthouse, 901 19th Street, Denver, Colorado 80294. Five minutes prior to the start of the hearing, the parties shall call the conference line 571-353-2301, Access Code 841686937# to participate</span>.

b. A final pretrial conference will be held in this case on _____ at o'clock ___ m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

## 11.  OTHER SCHEDULING MATTERS

a. Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement. - None

b. Anticipated length of trial and whether trial is to the court or jury. – Approximately 3 ~~weeks~~ <span style="color:red">days</span>, jury trial.

   Defendant: If class certification is denied, two or three days maximum

c. Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse
1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

None. The Parties jointly express a preference for remote appearances whereafter possible as lead counsel for Plaintiff is in Pennsylvania and lead counsel for Defendant is in South Carolina.

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

[*The following paragraphs shall be included in the scheduling order:*]

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact

information must be reported and filed with the Court pursuant to the applicable local rule.

### 13. AMENDMENTS TO SCHEDULING ORDER

The scheduling order may be altered or amended only upon a showing of good cause.

DATED at Denver, Colorado, this 15th day of November 2024.

BY THE COURT:

*N. Reid Neureiter*

N. Reid Neureiter
United States Magistrate Judge

APPROVED:

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Andrew Roman Perrong*
Daniel Summa
Summa Law Firm LLC
3 Broad St #301
Charleston, SC 29401
Phone: 843-277-9665
Facsimile: 843-806-2920
daniel@summalawfirm.com