IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>Defendant. | Case No. 1:24-cv-02286 |

**PLAINTIFF'S MOTION TO AMEND COMPLAINT**

Discovery in this matter has revealed that another entity, WooSender, Inc, is also liable for the illegal calling conduct described in the Plaintiff's First Amended Complaint. Therefore, Plaintiff seeks leave to amend his Complaint to add in WooSender, Inc. as an additional defendant. Plaintiff seeks leave of court, in accordance with the applicable scheduling deadlines, to amend his class action complaint to file an amended complaint naming as Defendants ServiceQuik, Inc., and WooSender, Inc., together with the appropriate and applicable allegations as to each, because justice requires the amendment. In accordance with Rule 15(a)(2)'s mandate, and in the spirit of FED. R. CIV. P. 1, this Court should "freely" grant leave to amend because it will secure the just, speedy, and inexpensive determination of this class action dispute.

As this Court is well aware, this case is a putative class action alleging violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA"). The Plaintiff has undertaken discovery in this matter, and that discovery has revealed that Defendant ServcieQuik, Inc., did not possess and failed to preserve records of individuals it called

and texted, including through the WooSender platform. Accordingly, Plaintiff issued a subpoena to WooSender. The response to that subpoena served on WooSender revealed that, because Defendant ServiceQuik terminated its WooSender account, all WooSender's records of calls that were sent on ServiceQuik's account have also been destroyed. Counsel for WooSender refused to further respond, including to counsel's requests for the date that ServiceQuik terminated its account or to work to attempt to reconstruct those calling records. WooSender also provided substantial participation in placing the illegal calls at issue, thus demonstrating a strong case for platform liability against WooSender which the Plaintiff desires to pursue on behalf of himself and the class. Other discovery revealed in this matter has further demonstrated evidence that the Plaintiff pleads and will marshal to assert claims against WooSender. Furthermore, Plaintiff will be able to ascertain evidence of WooSender's conduct, including the ServiceQuik subclass pled here, through a subpoena on WooSender's telephone provider itself, Twilio. As a result, the Plaintiff now moves to amend the Complaint in the form attached herein as Exhibit A to add in this Defendant. A redlined version of the Complaint is attached herein as Exhibit B.

In sum, this motion is made pursuant to Fed. R. Civ. P. 15(a)(2) and is in the interests of justice as Plaintiff is asserting additional claims against an additional party who is also, by operation of law, liable for the misconduct alleged and which will be liable to any certified class for any relief the Court may grant. What's more, judicial economy would actually be further served here because the Plaintiff and the putative class are better served proceeding in this matter rather than needing to initiate a new action to seek to assert identical claims against WooSender for its conduct in the TCPA violations

alleged herein or engage in costly motions practice to compel subpoena responses on an entity that Plaintiff seeks to add as a party in any event. Whether justice requires an amendment is a question left to the trial court's sound discretion and is reviewed on an abuse of discretion standard. Reasons for denying a plaintiff's request for leave to amend a complaint include prejudice to the nonmoving party, undue delay, bad faith or dilatory motive, and futility. *Foman v. Davis*, 371 U.S. 178, 182 (1962). None of these factors are present here.

*First*, as explained above, there is no additional prejudice to the nonmoving party because WooSender is already alleged to be liable, has not yet participated in the proceedings, and is a necessary, indispensable party that directly caused the conduct alleged, as confirmed through telephone records and discovery response. Merely adding another liable party into existing litigation is insufficient for a showing of prejudice. *Second*, the amendment is not done for undue delay, bad faith, or a dilatory motive. We are not on the eve of trial, and the deadline to move to amend pleadings has not yet passed. *Finally*, there is no futility. In sum, when evaluating the futility of an amendment, this Court is guided by the 12(b)(6) standard and must evaluate if the Plaintiff has stated a claim upon which relief could be granted. Here, amendment would not be futile because the Plaintiff has plainly set forth a claim for which relief could be granted under the TCPA's liability framework, as to both Defendants, and discovery has revealed that WooSender is liable under a theory of platform liability under the TCPA.

The Plaintiff has demonstrated that justice requires granting leave to amend not only because the factors for amendment are satisfied here but also because the purpose of the amendment is to add a party who discovery revealed indisputably is also liable

3

under TCPA platform liability because they participated in making the illegal text messages. Accordingly, this Court should grant leave to amend.

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## LOCAL RULE 7.1(a) CERTIFICATE

We certify that we attempted to confer with counsel for the Defendant regarding the relief requested herein, including on Monday, January 13, 2024, and failed to receive a response.

Dated: January 17, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## **CERTIFICATE OF SERVICE**

We certify that we filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: January 17, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
*Attorneys for Plaintiff and the Proposed Class*

5