UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | ) ) ) ) ) | Case No. 1:24-cv-02286 |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE | ) ) ) ) | **Motion to Dismiss** |
| And | ) ) | |
| Woosender, Inc. | ) ) | |
| Defendant. | ) | |

COMES NOW Defendant ServiceQuik, praying that this Honorable Court dismiss the above-referenced action pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure for the reasons set forth below.

**FACTUAL AND PROCEDURAL HISTORY**

On February 23rd, 2024, the Plaintiff received a text message from Defendant's employee, asking if a business called "Arbor Craft Builders" would like a sample of their website design work. On March 3, 2024, the Plaintiff, proceeding *pro se*, filed a complaint in Charleston County Court of Common Pleas in Charleston, South Carolina against the instant Defendant and a young employee of Defendant. (See Exhibit A). Alleging violations of the South Carolina Telecommunications Privacy Act, he included a photograph of the message as an exhibit to his complaint. (See Exhibit B).

1

Discovery was conducted in South Carolina state court, and, for the purposes of this motion, the Plaintiff admitted to, *inter alia*, having multiple phone numbers, and knowing that the instant phone number was listed as Arbor Craft Builders' main phone number on Google Maps. (See Exhibit C). The Plaintiff claims he doesn't want his number listed as a business' main phone line on Google Maps, but admits to never having initiated legal action to that aim. Id. Instead, he has filed hundreds of lawsuits in relation to the SCTPA as a "professional plaintiff" wherein he appears to have succeeded in acquiring default judgments against many different entities. (See Exhibit D).

On August 14th, 2024, the Plaintiff moved to dismiss the State Court action without prejudice, claiming that he had "identified a second alleged text." (Exhibit E). That same day, the Plaintiff filed the instant action, now alleging that he had in fact been sent two messages. (Dkt. No. 1). On August 21st, the Plaintiff amended his complaint seeking class certification. (Dkt. No. 6). On February 11th of this year, the Plaintiff amended his complaint again to include a messaging platform as another Defendant. (Dkt. No. 35).

## **STANDARD**

To survive a motion to dismiss, a complaint must allege facts that, if true, "state a claim to relief that is plausible on its face." *Wilson v. Montano*, 715 F.3d 847, 852 (10th Cir. 2013) (internal quotation marks omitted). A claim is facially plausible when the allegations give rise to a reasonable inference that the defendant is liable. *Id*. However, the Court does not need to accept conclusory allegations as true. *S. Disposal, Inc. v. Texas Waste Mgmt., a Div. of Waste Mgmt. of Texas, Inc.*, 161 F.3d 1259, 1262 (10th Cir. 1998). "Threadbare recitals of the elements of a cause of action, supported by mere

conclusory statements, do not suffice." *Ashcroft v. Iqbal,* 556 U.S. 662, 678, 129 S. Ct. 1937, 1949, 173 L. Ed. 2d 868 (2009). Nor is a Court bound to "accept as true a legal conclusion couched as a factual allegation." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 1965, 167 L. Ed. 2d 929 (2007) (quoting *Papasan v. Allain*, 478 U.S. 265, 286, 106 S.Ct. 2932, 92 L.Ed.2d 209 (1986)). Determining the sufficiency of a complaint is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679.

## **ARGUMENT**

**1. The Plaintiff was sent only one text message, and thus fails to state a plausible claim for relief under the TCPA.**

This case revolves around the Do-Not-Call Registry provisions of the Telephone Consumer Protection Act (TCPA), which prohibit certain unsolicited calls or text messages to individuals listed on the registry. Specifically, the TCPA is violated when a party initiates "more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection…". 47 U.S.C. § 227(c)(5)  Plaintiff's claim is that the message is actually two messages according to his phone records, and thus Defendant is liable under the TCPA.  Based on the reasons outlined below, this interpretation of the TCPA is misguided and thus Plaintiff fails to state a plausible claim for relief under the TCPA, warranting dismissal of the claim.

### *a. The mechanics of text messaging*

The text at issue is approximately 227 characters long.  The message was likely transmitted via SMS.  SMS messages, when using the default GSM 7-bit character encoding, are technically limited to 160 characters per segment—a standard set in the

3

1980s when data transmission was less advanced. However, modern messaging technology makes this limit largely invisible to users. When a message exceeds 160 characters, devices and networks automatically split it into multiple segments using "concatenated SMS," which adds a small header to each segment so the recipient's device can seamlessly reassemble them.[1] While each segment is transmitted separately, the end user sees only one continuous message, exactly as the sender intended.[2]

This process mirrors how data transmission works across the internet. TCP/IP protocols break down large pieces of information—such as an email—into smaller packets that travel separately and are reassembled at their destination.[3] Despite being composed of hundreds of packets, no one considers a single email to be multiple messages. Courts and regulators do not parse data transmission at this granular level, yet this is what the Plaintiff's claim requires in order to be plausible under the TCPA.

### b. The TCPA

The intent of the TCPA was to protect the privacy of individuals. *Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803 (9th Cir. 2017). Congress clearly indicated that a violation under 47 U.S.C. § 277(c)(5) requires calling "more than once" during a 12 month period, and unequivocally wrote into the TCPA's congressional findings that "[i]ndividuals' privacy rights, public safety interests, and commercial freedoms of speech and trade must be balanced in a way that protects the privacy of

---

[1] https://www.cloudflare.com/learning/network-layer/what-is-a-packet/
[2] https://developer.vonage.com/en/messaging/sms/guides/concatenation-and-encoding
[3] https://medium.com/@ckekula/the-internet-and-computer-networks-explained-d42268a9a5e5#:~:text=When%20one%20end%20system%20has,reassembled%20into%20the%20original%20data.

individuals and permits legitimate telemarketing practices." Pub.L. 102-243, § 2, Dec. 20, 1991, 105 Stat. 2394

Plaintiff's privacy was in no way affected by SMS segmentation, a background process of telecommunications infrastructure. In State Court, Plaintiff initially claimed he received "a message" and only later asserted that he had "discovered a second alleged text" in attempting to dismiss the case. See Exhibits A and E.  The TCPA was designed to prevent repeated, intrusive contacts—not incidental segmentation due to SMS transmission standards. To both the sender and recipient, the message appears as one text.

The Court should interpret the TCPA as Congress intended and with common sense: "more than one call" should be understood based on how the communication appears to the recipient and/or the sender, not on invisible technical processes of telecommunications companies.

2. **The TCPA protects individuals, not businesses, and because this message was sent to a business, the Plaintiff fails to state a claim for relief that is plausible on its face**

The Plaintiff presents a situation to the Court where a message was sent to a number held out as a business' main phone line.  The Do Not Call Registry does not afford protection to business phone lines. In Re Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991, 23 F.C.C. Rcd. 9779, 9785 (June 17, 2008) ("[T]he National Do Not Call Registry applies to 'residential subscribers' and does not preclude calls to businesses."). Nor does it protect individuals who have their phone number listed for a business online. *Bank v. Indep. Energy Grp. LLC*, No. 12-CV-1369, 2014 WL 4954618, at *4 (E.D.N.Y. Oct. 2, 2014) ("A telephone subscriber who registers a line

5

with the telephone company as a residential line but then lists the number in the Yellow Pages and other directories as a business line sacrifices the protections afforded by the TCPA"). This is in accordance with the spirit of the TCPA, as the Act was designed primarily to prevent robocalling and the privacy of individuals. *Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 373–74, 132 S. Ct. 740, 746, 181 L. Ed. 2d 881 (2012) (describing how the do-not-call registry portion of the TCPA directs the FCC "to protect the privacy of residential telephone subscribers").

While the Complaint alleges that it is a residential telephone number, that assertion is nothing more than "a legal conclusion couched as a factual allegation." *Twombly*, supra.  The number is listed online as the main phone line of a business. (See Exhibit F).  As apparent by the message itself, the only reason Defendant sent a message to this number is because it was listed on Google Maps for a business. Therefore, because the message was not intended to be sent to a private individual, there is no violation of the TCPA and the Plaintiff has failed to state a claim upon which relief can be granted.

**3.     The Plaintiff lacks Article III standing as he is not within the zone of interests that Congress intended to protect with the TCPA.**

Because the Plaintiff is effectively seeking TCPA lawsuits, he does not have the privacy interest that the TCPA is intended to protect, and he has not suffered an injury-in-fact. See, e.g., *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 323 (3d Cir. 2015) (stating that Congress did not enable every person or entity to sue under the Act and "[s]omeone with a generalized interest in punishing telemarketers, for example, would not qualify on that basis alone"); *Stoops v. Wells Fargo Bank*, N.A., 197 F. Supp. 3d 782

(W.D. Pa. 2016) (Plaintiff who purchased over 35 cell phones to support his 'business' pursuing TCPA claims did not have constitutional or prudential standing).

Much like the plaintiff in *Stoops*, the Plaintiff is effectively fishing for telemarketing violations by having multiple phone numbers, by having his number listed online, and by having initiated hundreds of lawsuits in relation to telemarketing while not pursuing any legal action against Google which would resolve his concerns.

Therefore, the Plaintiff's claims should be dismissed for lack of standing pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure.

## REQUEST FOR RELIEF

Defendant respectfully requests that the Court dismiss the TCPA action with prejudice and provide any other relief the Court deems just and proper.

## STATEMENT REGARDING Civ. Practice Standard 7.1A

Pursuant to the Court's Uniform Practice Standard 7.1A, the Defendant hereby proposes that the Court consider matters outside the pleadings because they will assist the Court in determining these potentially-dispositive issues.  The matters outside of the pleadings are State Court related pleadings and discovery, plus items that are publicly available online.  The motion should be converted to a motion for summary judgment because there are no genuine issues of material fact on these threshold issues and the Defendant is entitled to judgment as a matter of law.

Respectfully submitted,

*/s/ Daniel Summa*

_____
Daniel Summa
Summa Law Firm, LLC

7

3 Broad Street, #301
Charleston, SC 29401
843-277-9665 *office*
843-806-2920 *fax*
daniel@summalawfirm.com

*Attorney for Defendant ServiceQuik, Inc.*

March 13, 2025
Charleston, SC