**UNITED STATES DISTRICT COURT**
**DISTRICT OF COLORADO**

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:24-cv-02286 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE | ) ) ) ) | **Defendant Servicequik's Reply to Plaintiff's Memorandum in Opposition to Motion to Dismiss** |
| And | ) ) | |
| Woosender, Inc. | ) ) | |
| Defendants. | ) | |

Defendant Servicequik (hereinafter, "Defendant") hereby replies to Plaintiff's Memorandum opposing Defendant's motion to dismiss (Dkt. No. 47).

1. **Privacy, Not Formalism, Is the TCPA's Core Concern.**

    Focusing on the single-message issue, the Telephone Consumer Protection Act ("TCPA") is fundamentally a privacy statute. *See Los Angeles Lakers, Inc. v. Fed. Ins. Co.*, 869 F.3d 795, 803 (9th Cir. 2017). Plaintiff's attempt to recharacterize a single, uninterrupted 227-character message as constituting "more than one call within any 12-month period" under the TCPA lacks support in the statute or in the authorities cited. The law is concerned with intrusive, repeated contacts—not with technicalities regarding message segmentation.

1

2. **Plaintiff's Recharacterization Exhibits the Lack of Repeated Privacy Invasion.**

   Plaintiff pursued this case in state court for over a year treating the message in question as a single text message. *See* Dkt. No. 38-1, ¶ 19.  Only later did Plaintiff allege a "second" message based on purported delivery segmentation. *See* Dkt. No. 38-5, p. 2.  This strategic pivot does not change the underlying facts: a single communication was sent.

3. **Plain Language of the TCPA Supports Dismissal.**

   The plain text of the TCPA prohibits repeated calls or messages within a twelve-month period—not a single message that may be split for technical transmission reasons.  Plaintiff's interpretation strains both logic and statutory purpose.

4. **Plaintiff's Reliance on *Albrecht* Is Misplaced.**

   Plaintiff cites *Albrecht v. Oasis Power, LLC*, No. 18 C 1061, 2018 WL 11269232 (N.D. Ill. Oct. 11, 2018), but *Albrecht* addressed Article III standing for ringless voicemails, not whether a single message constitutes multiple communications. *Id,* at *1.  Moreover, neither party in *Albrecht* disputed that the plaintiff received four separate communications—an entirely different factual context. *Id.*

5. **Section 227(b)(1)(D) Is Inapplicable.**

   Plaintiff cites 47 U.S.C. § 227(b)(1)(D), which addresses simultaneous engagement of multiple telephone lines in a business setting.  The Plaintiff says it stands for "the TCPA also prohibits simultaneous calling conduct that would

2

cause "two or more telephone lines of a multi-line business [to be] engaged simultaneously"" (Dkt. No. 47, p. 15[1]).  This provision is unrelated to the question of whether a single message constitutes multiple "calls" under the statute.  The full text is below:

> (b) Restrictions on Use of Automated Telephone Equipment
>
>> (1) Prohibitions
>>
>>> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States—
>>> […]
>>> (D)  to use an automatic telephone dialing system in such a way that two or more telephone lines of a multi-line business are engaged simultaneously.

6. **FCC Regulation on "Subscriber" Definition Offers No Support.**

Plaintiff next invokes 47 C.F.R. § 64.1100, which simply defines a "subscriber" as including someone who is on the telephone account and responsible for payment of the bill.  This does not support the notion an account record having two lines for a segmented message equates to "more than one call within any 12-month period."

7. **Hinman Decision Is Factually Distinct and Irrelevant.**

Finally, Plaintiff cites *Hinman v. M & M Rental Ctr., Inc.*, 596 F. Supp. 2d 1152 (N.D. Ill. 2009), claiming it supports the use of billing records to determine the number of violations.  Hinman was a class action dealing with thousands of faxes

---

[1] Using the Clerk's page numbering at the top, not the Defendant's numbering at the bottom which is different.

sent to thousands of parties. The third-party software had incomplete records, and the issues were whether the faxes were advertisements, whether recipients consented, and whether lack of receipt proof should bar liability. *Id.* None of those issues are relevant here, and *Hinman* did not involve message segmentation and neither party argued that each fax should be considered two or more based on how the records appeared.

**Conclusion**

Plaintiff's opposition on the single-message issue relies on strained interpretations of the statute and inapposite legal authorities. The TCPA does not contemplate liability based on how a single message is segmented during delivery. Accordingly, Defendant respectfully requests that the Court grant the motion to dismiss.

Respectfully submitted,

*/s/ Daniel Summa*

_____

Daniel Summa
Summa Law Firm, LLC
3 Broad Street, #301
Charleston, SC 29401
843-277-9665 *office*
843-806-2920 *fax*
daniel@summalawfirm.com

*Attorney for Defendant ServiceQuik*

May 1, 2025
Charleston, SC