IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated | : CIVIL ACTION<br>:<br>: Case No.: 1:24-cv-02286 |
| v. | :<br>: |
| SERVICEQUIK. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE, et al. | :<br>:<br>:<br>: |

**DEFENDANT WOOSENDER INC.'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED CLASS ACTION COMPLAINT
UNDER FEDERAL RULES OF CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)**

For the reasons set forth more particularly in Defendant, Woosender, Inc.'s

Memorandum of Law in support of its Motion to Dismiss Plaintiff's Second Amended

Class Action Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6),

Defendant Woosender, Inc. moves this court to dismiss the Complaint.

**WARREN McGRAW & KNOWLES LLC**

/s/ David Kraut

_____

DAVID KRAUT
Atty. I.D. 17637
dkraut@wmpalaw.com
TIMOTHY M. KNOWLES
ATTY. I.D. 309330
tknowles@wmpalaw.com
920 Lenmar Drive, Blue Bell, PA 19422
P: 610-584-9400
F: 610-584-9783
*Counsel for Woosender, Inc.*

Dated:  May 12, 2025

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated | : CIVIL ACTION |
| | : |
| | : Case No.: 1:24-cv-02286 |
| v. | : |
| | : |
| SERVICEQUIK. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE, et al. | : |
| | : |
| | : |

**DEFENDANT WOOSENDER INC.'S MEMORANDM OF LAW IN
SUPPORT OF MOTION TO DISMISS PLAINTIFF'S SECOND AMENDED
CLASS ACTION COMPLAINT PURSUANT TO FEDERAL RULES OF
CIVIL PROCEDURE 12(b)(1) AND 12(b)(6)[1]**

Defendant Woosender Inc. hereby moves to dismiss Plaintiff's Second Amended Class Action Complaint and, in support thereof, states the following:

**FACTUAL BACKGROUND**

Plaintiff commenced this action on August 19, 2024 by filing a complaint naming ServiceQuik, Inc. as the sole defendant. On February 11, 2025, Plaintiff filed its Second Amended Class Action Complaint (the "Second Amended Complaint"), adding Woosender Inc. as an additional defendant. (ECF No. 35).

The Second Amended Complaint alleges violations of the Telephone Consumer Protection Act ("TCPA") (47 USC § 227(c)) and the South Carolina Telephone Privacy Protection Act ("SCTPPA") (S.C. Code § 37-21-10 *et. seq*.). Plaintiff alleges that Defendants violated the TCPA by sending Plaintiff two text messages on February 23, 2024 to a number registered to the National Do Not Call Registry. *Id.* at ¶¶ 22, 29, 65.

---

[1] In accordance with Civ. Practice Standard 7.1B, counsel for Defendant Woosender called counsel for Plaintiff on May 6, 2025. It was determined that an amended complaint would not cure the defects alleged in this motion to dismiss and no stipulations were reached.

1

Defendant ServiceQuik filed a motion to dismiss the Complaint on March 13, 2025. (ECF No. 38).

**ARGUMENT**

### a. Motion to Dismiss Standard

To prevail on a motion to dismiss, Plaintiff's complaint must contain sufficient facts to support all elements of the proposed theory of liability. *Lane v. Simon*, 495 F.3d 1182, 1186 (10th Cir. 2007). Conclusory allegations alone are not sufficient. *Brokers' Choice of Am., Inc. v. NBC Universal, Inc.*, 861 F.3d 1081, 1104-1105 (10th Cir. 2017). A court need not accept "threadbare recitals of a cause of action's elements, supported by mere conclusory statements." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "[A] plaintiff's obligation to provide the grounds of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

### b. Plaintiff has not sufficiently pled that Defendant Woosender made or initiated the text message at issue.

The TCPA applies to entities that make or initiate calls or text messages. *Campbell-Ewald Co. v. Gomez*, 136 S. Ct. 663, 667 (2016); *Rules & Regs. Implementing the Tel. Consumer Prot. Act of 1991*, 30 FCC Rcd. 7961, 7890 (2015) (hereinafter referred to as the 2015 FCC Order).[2] The SCTPPA likewise applies to those who initiate or cause to be initiated a text message. S.C. Code § 37-21-70.

---

[2] The TCPA allows the Federal Communication Commission to "prescribe regulations to implement the requirements" of the TCPA. 47 U.S.C. § 227(b)(2).

Plaintiff does not allege that Defendant Woosender directly sent the text message at issue in this case. Plaintiff acknowledges that the message was sent by ServiceQuik using a contact list obtained from Fiverr. (ECF No. 35 at ¶¶ 29, 34). Plaintiff instead alleges that Defendant Woosender is liable as a platform for initiating the text message because it was "involved in the calling conduct." *Id.* at ¶45. In support of this position, Plaintiff cites *Cunningham v. Montes*, 378 F. Supp. 3d 741, 750 (W.D. Wis. 2019), a case which discusses the 2015 FCC Order and the factors to be considered when holding a platform liable for calls it did not directly make or initiate. The test is one which considers "the totality of the facts and circumstances surrounding the placing of a particular call." *Id.* at 747 (citing *In re DISH Network, LLC,* 28 FCC Rcd. 6574, 6583 ¶¶ 26-27 (2013)). Factors to be considered include

1) The extent to which the defendant controls the call's message

2) The extent to which the defendant controls the timing or initiation of the call

3) The extent to which the defendant controls who receives the call

4) Whether the service is "reactive in nature," meaning that it places calls in a manner that is arranged by the customer rather than the defendant

5) The extent to which the defendant "willfully enables fraudulent spoofing of telephone numbers" by offering that functionality to clients

6) The extent to which the defendant "assists telemarketers in blocking Caller ID" by offering that functionality to clients

7) Whether a defendant "who offers a calling platform service for the use of others has knowingly allowed its client(s) to use that platform for unlawful purposes"

*Id*. at 748.

Importantly, "set[ting] up and operating a telemarketing platform" does not open a

3

platform to liability for a customer's TCPA violations. *Id.* at 748 – 749. A platform can set up customer accounts, provide extensive technical assistance, and conduct live and video trainings without becoming liable for its customer's TCPA violations. *Id.* Additional involvement, such as running a telemarking campaign, writing scripts for a client, or receiving complaints about unlawful use of the platform, is needed before the platform's involvement raises the possibility that it will be liable for the violations. *Id.*

Comparing the *Cunningham* factors to the factual allegations of the Second Amended Complaint, it is clear that Plaintiff has not sufficiently supported his cause of action. There is no allegation that Woosender controlled the content, timing, or recipient of the text message. There is also no allegation regarding whether the service provided by Defendant Woosender is "reactive in nature." There is no allegation regarding whether Defendant Woosender allows "fraudulent spoofing of telephone numbers" or "assists telemarketers in blocking caller ID."

The only arguably relevant assertion is that Woosender "explicitly designed its platform to give its customers the option of complying with the law or not" by allowing the customer to choose whether or not to utilize scrubbing against the national Do Not Call Registry. (ECF No. 35 at ¶ ¶ 42-44). Defendant alleges that, in doing so, Woosender "turned a blind eye" to alleged TCPA violations by its customers. *Id.*

Once again, the Second Amended Complaint provides scant factual support for this allegation. There is no allegation that Woosender knew the list utilized by Defendant ServiceQuik did not comply with the Do Not Call Registry. There is no allegation that Woosender received complaints about ServiceQuik's conduct. In fact, the phone number at issue was advertised on Google Maps as belonging to a business named Arbor Craft

Builders. This fact is admitted by Plaintiff in Paragraph 7 of the "Declaration of Jay
Connor." (ECF No. 47-1).

The Do Not Call Registry does not apply to business numbers. *Rules and
Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 23 FCC Red. 9779, 9785
(June 17, 2008). The only allegation in Plaintiff's Complaint that might weigh toward
Woosender being liable as a text message platform is undone by the fact that the number
was listed as a business number. Woosender understood that the numbers being
contacted were business numbers not subject to the Do Not Call Registry restrictions.
Failure to scrub the numbers against the registry was therefore not indicative of "turning
a blind eye" to TCPA violations.

Further, many of the assertions made by Plaintiff are mere word for word
recitations, without elaboration, of assertions that Plaintiff's counsel made in similar TCPA
cases. In the Second Amended Complaint, he alleges that Defendant Woosender
"provid[es] intimate support" to customers, "hold[s] its customers' hands while using the
platform," and provides "turnkey texting services." (ECF No. 35 at ¶¶ 37, 39, 40). These
same unelaborated allegations were made in the case *Perrong v. Chase Data Corp., et
al.*, 2:22-cv-02628 (E.D. Pa. 2022). *See* Exhibit A at ¶¶ 17, 18, 19. These conclusory
allegations, made regardless of the specific facts before the Court, are nothing more than
"threadbare recitals" insufficient to support a cause of action.

Because Plaintiff has failed to provide any sort of factual support for its assertion
that Woosender was "involved in the calling conduct" at issue, the Second Amended
Complaint should be dismissed.

   c. **The allegation that Woosender "hosts all the requisite computer software
   to enable illegal automated calling" should be stricken.**

The TCPA prohibits making calls or sending text message using an automatic
telephone dialing system ("ATDS"). 47 USC § 227(b)(1)(A). An ATDS is a system that
has "the capacity either to store a telephone number using a random or sequential
generator or to produce a telephone number using a random or sequential number
generator." *Facebook, Inc. v. Duguid*, 141 S. Ct. 1163, 1164-66 (2021).

Colorado courts have found the following allegations sufficient to survive a motion
to dismiss for lack of factual support of ATDS use:

- When thousands of text messages were sent by a platform without
  human involvement
- When the content of the messages was automatically generated
- When numbers were stored by the platform and messages were
  automatically sent in large numbers
- When the platform allowed dialing stored numbers in a sequential order

*Montanez v. Future Vision Brain Bank, LLC*, 536 F.Supp.3d 828, 837 – 838 (D. Colo.
2021) (citing *Geraci v. Red Robin Int'l, Inc.*, 2020 WL 2309559, at *3 (D. Colo. Feb. 28,
2020)).

In the Second Amended Complaint, Plaintiff alleges that Woosender "hosts all the
requisite computer software to enable illegal automated calling." (ECF No. 35 at ¶ 38).
Plaintiff provides no factual support for its bare assertion that Defendant Woosender used
an automated system. There are no allegations regarding content of the messages, the
number of messages sent *en masse*, or whether the numbers were stored or generated
randomly or sequentially. Plaintiff specifically alleges that the number at issue came from
a list utilized and obtained by Defendant ServiceQuik, not Woosender. (ECF No. 35 at ¶¶
29, 34). The allegation that Woosender utilized an ATDS is an unsupported conclusion

6

that is insufficient to confer liability on Woosender. Paragraph 38 of the Second Amended

Complaint should therefore be stricken.

### d. Defendant Woosender joins and incorporates herein the Motion to Dismiss filed by Defendant ServiceQuik (EFC No. 38)

Defendant Woosender joins and incorporates herein the Motion to Dismiss filed by

Defendant ServiceQuik on March 13, 2025. (ECF No. 38). In particular, it should be noted

that Plaintiff admits in his Opposition to ServiceQuik's Motion to Dismiss that the message

at issue appeared as only one message on his phone. (ECF No. 47 at pgs. 13 and 14).

That this message was technically billed as two (received at the exact same time with no

charge) does not change the fact that only one message appeared on Plaintiff's phone.

He therefore has not supported his claim that two texts were sent in violation of the TCPA.

(ECF No. 35 at ¶32).

### e. Because the defects in Plaintiff's Second Amended Complaint cannot be cured by amendment, the case should be dismissed with prejudice.

Plaintiff initiated this action in Charleston, South Carolina on March 4, 2024. (Case

No. 2024CP1001185). That matter was eventually dismissed. The matter was filed in this

Court on August 19, 2024. Plaintiff filed an Amended Complaint on August 21, 2024 and

the Second Amended Complaint on February 11, 2025.

Plaintiff has already conducted voluminous discovery in this matter and had

numerous opportunities to refine the language of the Second Amended Complaint. When

the parties met and conferred prior to the filing of the present motion, counsel for Plaintiff

felt that there were no amendments that could address the issues raised in this motion.

When defects to a complaint cannot be addressed by amendment, the complaint

should be dismissed with prejudice. *Curley v. Perry* 246 F.3d 1278, 1282 (10th Cir. 2001).

The issues addressed by the Motion to Dismiss are central to Plaintiff's case and have

already been developed through discovery and multiple rounds of amendments. Because

no additional pleading would cure the defects in the Second Amended Complaint, it

should be dismissed with prejudice.

## **CONCLUSION**

WHEREFORE, Defendant Woosender requests that this Honorable Court

dismiss Plaintiff's Second Amended Complaint with prejudice.


WARREN McGRAW & KNOWLES LLC

/s/ David Kraut


_____

DAVID KRAUT                                                  DATE: 5/12/25
Atty. I.D. 17637
dkraut@wmpalaw.com
TIMOTHY M. KNOWLES
ATTY. I.D. 309330
tknowles@wmpalaw.com
920 Lenmar Drive, Blue Bell, PA 19422
P: 610-584-9400
F: 610-584-9783

8

## <u>CERTIFICATE OF SERVICE</u>

I, David Kraut, hereby certify that Defendant Woosender Inc.'s Motion to Dismiss and supporting Memorandum of Law was served on all parties *via* the Court's electronic filing system.


WARREN McGRAW & KNOWLES LLC

/s. David Kraut


_____          DATE: 5/12/25
DAVID KRAUT
ATTY. I.D. 17637
dkraut@wmpalaw.com
920 Lenmar Drive, Blue Bell, PA 19422
P: 610-584-9400
F: 610-584-9783

9