UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | | |
|---|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated, | ) ) ) ) | Case No. 1:24-cv-02286 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | |
| SERVICEQUIK INC. d/b/a/ ZING BUSINESS MANAGEMENT SOFTWARE | ) ) ) ) | **Motion to Compel** |
| And | ) ) | |
| Woosender, Inc. | ) ) | |
| Defendant. | ) | |

COMES NOW Defendant ServiceQuik, respectfully requesting that this Honorable Court compel the Plaintiff to respond to discovery pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure.

**Introduction**

Plaintiff has objected to each of Defendant's discovery requests with largely boilerplate, inapplicable, and sometimes contradictory objections that effectively bar the Defendant from learning anything about the Plaintiff or the basis of his claims.

A serious question exists as to whether or not the Plaintiff has standing to pursue this TCPA claim as he might possess this phone number solely to draw TCPA violations. *See* Dkt. No. 38, p. 6. Rather than use these responses to prove the Defendant wrong in this regard, they improperly block access to almost any type of information about the Plaintiff in contravention of Rule 26.

1

**STANDARD**

Under Fed. R. Civ. P. 26(b)(1), parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case. Rule 33 requires interrogatory responses to be answered fully and under oath. Rule 34 requires production of documents responsive to reasonable requests.

**ARGUMENT**

Plaintiff's responses fail across multiple discovery topics.  *See Exhibit A.*

**1. Prior Lawsuits and Phone Numbers (Interrogatories 6, 8, 10).**

Plaintiff's litigation history and pattern of behavior are highly relevant to determine his standing under the TCPA. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) (Plaintiff who purchased over 35 cell phones to support his 'business' pursuing TCPA claims did not have constitutional or prudential standing).  Many courts have looked at a plaintiff's prior suits and phone numbers to determine whether he is a "professional plaintiff" and to decide standing. *Shelton v. Target Advance LLC*, No. CV 18-2070, 2019 WL 1641353, at *5 (E.D. Pa. Apr. 16, 2019) (where the Court found that discovery was required to resolve the factual issue of whether the Plaintiff was similar to the one in Stoops);  Shelton v. Direct Energy, L.P., No. 1:19CV0081, 2019 WL 4194179, at *5 (N.D. Ohio Aug. 27, 2019) ("The factual circumstances here are quite different; there is no evidence in the record that Shelton owned more than the single phone on which he alleges he received the calls at issue."); *Hossfeld v. Compass Bank*, No. 2:16-CV-2017-VEH, 2017 WL 5068752, at *15 (N.D. Ala. Nov. 3, 2017).

2

They are also relevant to his credibility as a witness. He submitted an affidavit in opposition to Defendant's motion to dismiss stating "I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them." Dkt. No. 47-1 ¶ 7. This is suspicious as Plaintiff's number was listed online for a business. The number of telephones owned by the defendant is clearly relevant to these issues as it was in *Stoops*.

**2. Employment History (Interrogatory 7).**

Plaintiff's employment history is relevant to whether he is a professional plaintiff who would have standing to sue as discussed *supra*.

**3. Phone Model and Specialized Equipment (Interrogatories 11-14)**

Plaintiff's claim hinges on how he 'received' the messages– allegedly as two. That makes the type of phone and any third-party messaging tools directly relevant. These interrogatories also similarly address whether the Plaintiff has standing as discussed *supra*.

**4. Phone Records (RFPs 4-5)**

Plaintiff's argument in response to Defendant's motion to dismiss is that his phone records show receipt of two messages, despite his prior litigation referring repeatedly to the message as "The Text." *Compare* Dkt. 38-1, ECF p. 6 *with* Dkt. No. 14, ECF p. 14.

At the same time, he's noncompliant with a request to produce his phone records. Plaintiff has expressed an intention to produce this record, but has not done so at the time of this writing. Defendant is obviously entitled to the entire phone record which Plaintiff relies extensively on in support of his

3

Complaint and his response to our motion to dismiss. The context of that record is also important because this "two message" theory might be undone by the fact that almost every message he receives comes in as technically two or three or more.

It might further exhibit that the attached number is not utilized by the Plaintiff except to make TCPA claims. Indeed, if one was so concerned with privacy, the Plaintiff might have sought legal action to take his number off the Google Maps listing of his number rather than sue dozens of messengers.

Defendant would not object to these records being subject to a protective order should Plaintiff request that, but privacy interests alone do not trump one's duty under Rule 26. "Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30, 104 S. Ct. 2199, 2206, 81 L. Ed. 2d 17 (1984)

5. **Documents Supporting the Claims (RFPs 1-3)**

Plaintiff has categorically refused to identify or produce relevant communications or other documents that he would use to support his claim. These are basic Rule 26 materials. Further, Plaintiff himself indicated in interrogatory response number 2 that he has "documents tending to disprove the Defendant's affirmative defenses." See Exhibit A, Response to Interrogatory 2. Plaintiff has in other words admitted that he has relevant

4

documents in an interrogatory, yet objected to disclosing them on the grounds that it is "not relevant to any claim or defense."

## REQUEST FOR RELIEF

Defendant respectfully requests that the Court:

1. Compel Plaintiff to supplement his responses to Interrogatories 6–8, and 10–14 in full;

2. Compel Plaintiff to produce all phone records from the three years preceding the complaint;

3. Compel Plaintiff to produce all documents responsive to RFPs 1–5; and

    4. Award Defendant its reasonable expenses incurred in bringing this motion, including attorney's fees, under Rule 37(a)(5).

## STATEMENT REGARDING D.C.COLO.LCivR 7.1 (a)

Defendant ServiceQuik made attempts to resolve this motion by exchanging three letters and an email with opposing counsel and by having two telephone discussions regarding these issues.

    Respectfully submitted,

    */s/ Daniel Summa*

    _____
    Daniel Summa
    Summa Law Firm, LLC
    3 Broad Street, #301
    Charleston, SC 29401
    843-277-9665 *office*
    843-806-2920 *fax*
    daniel@summalawfirm.com

    *Attorney for Defendant ServiceQuik, Inc.*

May 23, 2025
Charleston, SC