IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>AND<br><br>WOOSENDER, INC.<br><br>Defendants. | Case No. 1:24-cv-02286 |

**PLAINTIFF'S OPPOSITION TO DEFENDANT WOOSENDER'S MOTION TO DISMISS**

Defendant WooSender Inc.'s threadbare attempts at dismissing this case under the basis that it did not send the text messages at issue ought to be rejected. The telephone number from which the Plaintiff received the text message at issue is alleged to be *WooSender's* number, and a subpoena to Twilio, WooSender's telephone service provider confirms this fact. Moreover, Defendant's attempts to dismiss this case on the theory that the Plaintiff has insufficiently alleged so-called "platform liability" under the TCPA likewise ought to be rejected because WooSender physically directly sent the text messages under well-established TCPA case law so as to give rise to *direct liability* under the TCPA. Even so, the factors for platform liability are met in the event that the Court considers this alternative theory. The Motion should be denied.

## FACTUAL AND PROCEDURAL BACKGROUND

The matter before this Court is Defendant WooSender's motion to dismiss and remains before this Court at the pleadings stage. However, this Court cannot be incognizant of the third-party discovery conducted in this matter which ultimately revealed WooSender to be the subscriber of record for the phone number that sent the text messages at issue. This response follows.

## LEGAL STANDARD

"Under Rule 12(b)(6), a court may dismiss a complaint that fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Rather than require detailed pleadings, the Rules demand only a "short and plain statement of the claim showing that the pleader is entitled to relief," in order to give defendant fair notice of

1

what the claim is and its grounds. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 11 (2014). The requirement to "show" that a pleader is entitled to relief means that a complaint must contain factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (cleaned up).

In determining whether a claim is plausible, the court must "draw on its judicial experience and common sense." *Id.* at 679. After identifying elements to set forth a claim and removing conclusory allegations, the Court must accept all well-pled factual allegations as true and determine if they give rise to relief. *Id.* at 678. A complaint may be dismissed only where it appears that there are not "enough facts to state a claim that is plausible on its face," not merely because the defendant proffers some contrary facts. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

## ARGUMENT

**1. The Plaintiff's complaint alleges that WooSender is directly liable as the sender of the subject messages. No platform liability analysis is required, but even under that analysis, Plaintiff has alleged sufficient facts to hold WooSender liable.**

Mr. Connor's allegations are straightforward and plain, but they are not legal conclusions. He alleges the facts – that WooSender itself *directly* sent the message "at Defendant ServiceQuik's direction." *See* Second Amended Complaint (ECF No. 35) at ¶ 29. Moreover, the Plaintiff has alleged, based on Twilio's response to a subpoena served on it by the Plaintiff, that the "Defendant WooSender also shields their customers by registering the telephone numbers used to contact customers in their own name." *Id.* at ¶ 40. In other words, Defendant WooSender, not Defendant ServiceQuik, was the *actual* sender of the text messages at issue and, as such, is *directly* liable for

the calling conduct at issue as the *actual sender of the messages* because the account used to send the messages was in WooSender's name. Indeed, the telephone number at issue from which the messages were sent, 720-927-8973, is *WooSender's* telephone number, *not* ServiceQuik's. As such, the Plaintiff has plainly alleged a theory of *direct* liability against WooSender. Contrary to the Defendant's assertions, the Plaintiff plainly alleges that Defendant WooSender *directly sent the text messages at issue* because the *messages were sent from WooSender's telephone number.* Indeed, a subpoena that Plaintiff served on Twilio in this litigation, confirms this fact: the telephone number that sent the text messages at issue is *WooSender's*, and not ServiceQuik's.

The scope of direct liability is determined by the statutory text. *See New Prime Inc. v. Oliveira*, 586 U.S. 105, 119 (2019). And the Court's analysis in *Cunningham* plainly follows the statutory text, as clarified by the 2013 FCC Order, *In re DISH Network, LLC*, 28 FCC Rcd. 6574 (2013). Defendant's argument is at odds with the mountain of case law holding otherwise. As with any question of statutory interpretation, the court's inquiry "begins with the text." *Ross v. Blake*, 578 U.S. 632, 638 (2016).

The relevant regulation here, 47 C.F.R. § 64.1200(c)(2), prohibits "initiat[ing]" a text message to any number on the National Do Not Call Registry. And anyone who "initiates" a call under the TCPA is subject to *direct* TCPA liability without further analysis. *Golan v. FreeEats.com, Inc.*, 930 F.3d 950, 960 (8th Cir. 2019) ("Thus, to be held directly liable, the defendant must be the one who "initiates" the call."). As the 2013 FCC order clarifies, "a person or entity 'initiates' a telephone call when it takes the steps necessary to physically place a telephone call." 28 FCC Rcd. at 6583. As such, all a Plaintiff needs to plead at the pleadings stage is that WooSender took the steps

3

necessary to physically place the call. Indeed, a seller, like ServiceQuik, "generally does not 'initiate' calls placed by third-part[ies]," like WooSender. *Id.* at 6593. That's the end of the analysis, full stop. *Golan*, 930 F.3d at 960. Because the Plaintiff has alleged that the telephone number and the account from which the messages were sent was *WooSender's*, it follows that WooSender is *directly liable* for the text messages it initiated. WooSender, not ServiceQuik, physically placed the unlawful messages at issue because they were sent from WooSender's telephone account. WooSender is therefore the entity directly liable for the TCPA-violative conduct.

  *Cunningham*'s analysis, though supportive of a theory of platform liability, is not the end of the matter, however, nor need the Court approach it for the instant purposes here, as the Plaintiff alleges direct liability, not platform liability. The Court need not even consider the totality of facts and circumstances surrounding the placement of the call *at all* in this particular instance because the Plaintiff has plausibly alleged that WooSender directly sent the call at issue. Quoting the FCC's order, *Cunningham* makes clear that there are two ways of proving TCPA liability, either by "taking the steps necessary to physically place a telephone call," (i.e. direct liability) or by "being so involved in the placing of a specific telephone call as to be deemed to have initiated it." (i.e. platform liability). *Cunningham v. Montes*, 378 F. Supp. 3d 741, 747 (W.D. Wis. 2019) (quoting 2013 FCC Order, 28 FCC Rcd. at 6583). However, here, unlike in *Cunningham*, WooSender is alleged to have taken the steps necessary to physically place the call under the *first theory*, that of direct liability. The Court need not consider *Cunningham*'s involvement factors on a platform theory because they are not relevant here, as WooSender physically sent the messages at issue. So much is evident by the

4

fact that the telephone number is *WooSender's* number, not ServiceQuik's.

Tellingly, the Defendant doesn't cite to a single case supporting dismissal at the pleadings stage on a theory of either direct or ill-pled platform liability, particularly not under the robust circumstances here, when the Plaintiff isn't even proceeding primarily on a theory of platform liability but rather direct liability and in any event makes allegations more robust than those adduced at summary judgment in *Cunningham*. But even considering *Cunningham's* analysis and involvement factors for platform liability, it is clear from the Plaintiff's pleading that there he has pled a plausible case that WooSender was "so involved in the placing of a specific telephone call as to be deemed to have initiated it." As in *Cunningham*, "a provider of auto-dialing services cannot blithely sit back and blame his customers for any TCPA violations that result from their use of his service. . . . TCPA liability attaches . . . to those who knowingly allow an auto-dialing system to be used to make prohibited robocalls." *Id.* at 748.

So too here. The Plaintiff has alleged much the same facts as in *Cunningham*. There, evidence was adduced that "Montes knowingly allowed his clients to use his website to make prohibited robocalls." *Id* at 749. Here, the Plaintiff alleges, among other things, at the pleadings stage, that "WooSender hosts all the requisite computer software to enable illegal automated calling," "shields their customers by registering the telephone numbers used to contact customers in their own name," and does not require scrubbing numbers against the National Do Not Call Registry, instead only providing that service "for an extra fee," in other words, "giv[ing] its customers the option of complying with the law or not." (Am. Compl. at ¶ 38, 40, 42, 44). If true, *Cunningham* supports liability for those actions. Plaintiff has therefore stated a plausible claim to

5

entitle him to discovery on these issues.

The allegations that "WooSender knowingly turned a blind eye to the fact that their customers were violating the Registry. WooSender is therefore liable for the text messages because it sent them without requiring compliance with the Do Not Call Registry," *Id.* at ¶ 44, mirror the allegations in *Cunningham* almost to the letter. So too with the Plaintiff's allegations that WooSender exercises control over the message content, including by having its AI draft responses, *Id.* at ¶ 39, which parallel those in *Cunningham* that "Montes even wrote the scripts for the prerecorded calls." *Cunningham*, 378 F. Supp. 3d at 749. In any event, it must also be remembered that the *Cunningham* court also considered Montes' testimony and other evidence adduced to support its holding at summary judgment of evidence that Montes allowed his clients to make robocalls. The Plaintiff has unquestionably stated a claim at the pleadings stage.

And for all its consternation surrounding Plaintiff's counsel's allegations in other cases (which were similarly denied motions to dismiss on similar theories), Defendant curiously omits the Plaintiff's specific allegations with respect to the WooSender platform, including its unconventional business practice of charging its customers to scrub numbers against the Do Not Call Registry, not requiring such scrubbing as an initial matter, and providing an AI chatbot to handle responses from customers, allegations which all make this case factually similar to *Cunningham*, to the extent it applies at all, as the Plaintiff has pled, and will be able to demonstrate, direct liability. In any event, the Plaintiff's allegations are sufficient at the pleadings stage. Indeed, even the Defendant's own pleading in this regard works against Defendant, seemingly indicating that they screened the telephone numbers that they were sending messages

6

to in order to ascertain the purposes for which they were used.

As the Court observed in Cunningham, evaluating the "totality of the circumstances" approach under the latter of the two frameworks articulated in the 2013 FCC order "will not provide easy answers in close cases." But that statement necessarily counsels against dismissing well-pled allegations of platform liability, let alone direct liability, at the pleadings stage. The answers to the involvement of a particular telemarketing platform will be fact and circumstance specific, further developed in discovery, and best suited for jury trial, as in *Cunningham*. 378 F. Supp. 3d at 748. The Defendant's motion on this basis should be denied, or at the very least permitted to replead to cure any deficiencies with respect to the specificity of the direct liability and platform liability allegations, if any exist.

 2.  **The Court should deny Defendant's Motion to Strike.**

As an initial matter, the Defendant's incorporated motion to strike is procedurally improper, justifying its denial. Defendant appears to bring a motion to strike an allegation that the Defendant "hosts all the requisite computer software to enable illegal automated calling," which is properly brought under Rule 12(f). However, Defendant brings a motion to dismiss under Rule 12(b)(6), not a motion to strike 12(f).

As such, the instant motion to strike is improper because it falls afoul of Federal Rule of Civil Procedure 12(g)(2), which provides that "[e]xcept as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." *See AK Steel Corp. v. PAC Operating Ltd. P'ship*, No. 15-9260-CM, 2018 WL 4184928, at *3 (D. Kan. Aug. 31, 2018)

7

The purpose of the Rule is "to prevent [ ] dilatory motion practice ... a course of conduct that was pursued often for the sole purpose of delay." 5C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1384 (3d ed. 2022). As the Ninth Circuit has noted, the purpose of Rule 12(g) is "simple and basic: a series of motions should not be permitted because that results in delay and encourages dilatory tactics." *Aetna Life Ins. Co. v. Alla Med. Servs., Inc.*, 855 F.2d 1470, 1475 n.2 (9th Cir. 1988).

As another court explained in procedurally denying a *nearly identical motion* under similar circumstances, having filed a motion to strike after filing a motion to dismiss:

> A motion to strike is "a motion under" Rule 12; specifically, a motion to strike is one made under Rule 12(f). *See* Fed. R. Civ. P. 12(f); *see also* Wright & Miller, *supra* at § 1388 ("Motions to strike ... are motions under Rule 12 and thus clearly are within the language of subdivision (g)."). Because Carguard filed a separate motion to strike *after* it already filed a motion to dismiss pursuant to Rule 12(b)(6), it has failed to comply with Rule 12(g)'s mandate to consolidate all motions "available to [it]" into a single motion.

*Baccari v. Carguard Admin., Inc.*, No. 22-CV-1952, 2022 WL 3213839, at *2 (E.D. Pa. Aug. 8, 2022). This Court should do likewise and deny the motion as procedurally improper.

Even putting aside that procedural infirmity, the Defendant provides no basis for which to strike the instant allegation, which was made in the context of demonstrating WooSender's involvement in the messages in the event the Court did not find that WooSender directly sent the messages at issue, so as to demonstrate platform liability. The Plaintiff does not make a claim for use of an ATDS, nor is the Plaintiff attempting to use this allegation in support of an ATDS claim.

Rule 12(f) provides that the court may "strike from a pleading an insufficient

8

defense or any redundant, immaterial, impertinent, or scandalous matter," either on its own or on motion, as improperly attempted here. FED. R. CIV. P. 12(f), (f)(2). But there is nothing "redundant, immaterial, impertinent, or scandalous" about the allegation that WooSender provides computer software for the sending of AI-assisted text messages, particularly insofar as it is relevant to an allegation of liability under the "involvement" theory of indirect initiation platform liability. The words "ATDS" appear nowhere in the Amended Complaint, so the allegation that the Plaintiff's pleading is irrelevant to an ATDS claim is meaningless. The Plaintiff alleges a National Do Not Call Registry claim and state law telemarketing claims that are untethered to the use of an ATDS. The Court should not waste time in striking or evaluating pleadings and whether they support some unpled claims. The issue is ultimately moot as to the legal viability of an ATDS claim and the allegation relevant to the aforementioned theories of liability.

This peculiar objection ought to be rejected as well.

### 3. Plaintiff incorporates his response to ServiceQuik's Motion to Dismiss.

Defendant WooSender has also joined and incorporated in its motion the Motion to Dismiss filed by Defendant ServiceQuik. As the Plaintiff's response to that motion makes clear, the Plaintiff received two text messages, not one, as confirmed through the Plaintiff's very own telephone records, which are themselves dispositive.

### CONCLUSION

The Court should deny Defendant WooSender's Motion to Dismiss in its entirety. To the extent that questions remain, it should permit leave to amend.

RESPECTFULLY SUBMITTED AND DATED this May 27, 2025.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone: (617) 485-0018
Facsimile: (508) 318-8100

*Attorneys for Plaintiff and the Proposed Classes*

## CERTIFICATE OF SERVICE

We certify that we filed the foregoing via ECF on the below date, which will automatically send a copy to all attorneys of record on the case.

Dated: May 27, 2025

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email: anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400

Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100
*Attorneys for Plaintiff and the Proposed Class*