# IN THE UNITED STATES DISTRICT COURT
# DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>                  Plaintiff,<br>     v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>AND<br><br>WOOSENDER, INC.<br><br>                  Defendants. | Case No. 1:24-cv-02286 |

## JOINT DISCOVERY DISPUTE STATEMENT

Defendant moves to compel the following discovery responses from the Plaintiff. The requests and responses sought to be compelled herein are attached as Exhibit A. The parties submit their Joint Discovery Dispute Statement of their respective positions herein.

**Defendant's Position**

Plaintiff has objected to each of Defendant's discovery requests with largely boilerplate, inapplicable, and sometimes contradictory objections that effectively bar the Defendant from learning anything about the Plaintiff or the basis of his claims.

"Under the Rules, the only express limitations are that the information sought is not privileged, and is relevant to the subject matter of the pending action. Thus, the Rules often allow extensive intrusion into the affairs of both litigants and third parties." *Seattle Times Co. v. Rhinehart*, 467 U.S. 20, 30, 104 S. Ct. 2199, 2206, 81 L. Ed. 2d 17 (1984).

A serious question exists as to whether or not the Plaintiff has standing to pursue this TCPA claim as he might possess this phone number solely to draw TCPA violations. *See* Dkt. No. 38, p. 6. Rather than use these responses to prove the Defendant wrong in this regard, they block access to almost any type of information about the Plaintiff.

1. **Prior Lawsuits and Phone Numbers (Interrogatories 6, 8, 10).**

    Plaintiff's litigation history and pattern of behavior are highly relevant to determine his standing under the TCPA. *See Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) (Plaintiff who purchased over 35 cell phones to support his 'business' pursuing TCPA claims did not have constitutional or prudential standing). Many courts have looked at a plaintiff's prior suits and phone numbers to determine whether he is a "professional plaintiff" and to decide standing. *Shelton v. Target Advance LLC*, No. CV 18-

2

2070, 2019 WL 1641353, at *5 (E.D. Pa. Apr. 16, 2019) (where the Court found that discovery was required to resolve the factual issue of whether the Plaintiff was similar to the one in Stoops); Shelton v. Direct Energy, L.P., No. 1:19CV0081, 2019 WL 4194179, at *5 (N.D. Ohio Aug. 27, 2019) ("The factual circumstances here are quite different; there is no evidence in the record that Shelton owned more than the single phone on which he alleges he received the calls at issue."); *Hossfeld v. Compass Bank*, No. 2:16-CV-2017-VEH, 2017 WL 5068752, at *15 (N.D. Ala. Nov. 3, 2017).

They are also relevant to his credibility as a witness. He submitted an affidavit in opposition to Defendant's motion to dismiss stating "I do not and have never welcomed nor wanted illegal calls and do nothing to receive or deserve them." Dkt. No. 47-1 ¶ 7. This is suspicious as Plaintiff's number was listed online for a business. The number of telephones owned by the defendant is clearly relevant to these issues as it was in *Stoops*.

**2. Employment History (Interrogatory 7).**

Plaintiff's employment history is relevant to whether he is a professional plaintiff who would have standing to sue as discussed *supra*.

**3. Phone Model and Specialized Equipment (Interrogatories 11-14)**

Plaintiff's claim hinges on how he 'received' the messages– allegedly as two. That makes the type of phone and any third-party messaging tools directly relevant. These interrogatories also similarly address whether the Plaintiff has standing as discussed *supra*.

**4. Phone Records (RFPs 4-5)**

3

Plaintiff's argument in response to Defendant's motion to dismiss is that his phone records show receipt of two messages, despite his prior litigation referring repeatedly to the message as "The Text." *Compare* Dkt. 38-1, ECF p. 6 *with* Dkt. No. 14, ECF p. 14.

At the same time, he's noncompliant with a request to produce his phone records. Plaintiff has expressed an intention to produce this record, but has not done so at the time of this writing. Defendant is obviously entitled to the entire phone record which Plaintiff relies extensively on in support of his Complaint and his response to our motion to dismiss. The context of that record is also important because this "two message" theory might be undone by the fact that almost every message he receives comes in as technically two or three or more.

It might further exhibit that the attached number is not utilized by the Plaintiff except to make TCPA claims. Indeed, if one was so concerned with privacy, the Plaintiff might have sought legal action to take his number off the Google Maps listing of his number rather than sue dozens of messengers.

Defendant would not object to these records being subject to a protective order should Plaintiff request that, but privacy interests alone do not trump one's duty under Rule 26.

**5. Documents Supporting the Claims (RFPs 1-3)**

Plaintiff has categorically refused to identify or produce relevant communications or other documents that he would use to support his claim. These are basic Rule 26 materials. Further, Plaintiff himself indicated in

interrogatory response number 2 that he has "documents tending to disprove the Defendant's affirmative defenses." See Exhibit A, Response to Interrogatory 2. Plaintiff has in other words admitted that he has relevant documents in an interrogatory, yet objected to disclosing them on the grounds that it is "not relevant to any claim or defense."

### Interrogatory 6 – Plaintiff's Position

The Plaintiff's previous litigation history is irrelevant, prejudicial, and has no relevance to the matters at bar. Indeed, "the attempted use of past litigation to prevent a litigant from pursuing a valid claim in federal court warrants careful scrutiny." *Outley v. New York*, 837 F.2d 587, 591-92 (2d Cir. 1988). "[N]othing in the Constitution, though, requires a plaintiff to be a naïf. Litigation is not college athletics: there is no 'amateurs only' rule." *Cunningham v. Rapid Response Monitoring Servs.*, 251 F. Supp. 3d 1187, 1195 (M.D. Tenn. 2017) (rejecting defendant's attempt to dismiss of a TCPA claim because of a litigation history); *Murray v. GMAC Mortg. Corp.*, 434 F.3d 948, 954 (7th Cir. 2006) ("What the district judge did not explain, though, is why 'professional [plaintiff]' is a dirty word. . . . The district judge did not cite a single decision supporting the proposition that someone whose rights have been violated by 50 different persons may sue only a subset of the offenders."); *Abramson v. Oasis Power LLC*, No. 2:18-CV-00479, 2018 WL 4101857, at *5 (W.D. Pa. July 31, 2018) ("[A] citizen's decision to aggressively enforce his rights under the TCPA should not negate otherwise valid privacy interests"). As another Court stated in response to a similar argument that a plaintiff was engaging in improper conduct by pursuing entities that call him illegally:

5

> I don't care how many cases he can file. He can file one thousand eight hundred and fifty cases. I'm going to handle each case on its merits. Every single case. But you have to understand something. You file a case in this courtroom you're going to be in this courtroom and you're going to litigate this courtroom. That's how this courtroom works. It doesn't work by paper. It doesn't work by somebody's company's business model. And that goes for law firms, it goes for any other claim. You're going to litigate a case in Philadelphia, you're going to come into the courtroom so I can see what I'm dealing with.

*Shelton v. Arete Fin. Grp.*, No. 2:18-cv-2187-CFK (Oral Arg. Tr. Dec. 14, 2018) (cleaned up). As such, the Plaintiff's prior litigation history is not proportional to the needs of the case, is not relevant, not probative of any fact, and as such should not be compelled.

**Interrogatory 8 – Plaintiff's Position**

Plaintiff's other telephone numbers are irrelevant to this matter, let alone for the past ten years, which far exceeds the TCPA's four year statute of limitations. *Charvat v. Travel Servs.*, 110 F. Supp. 3d 894, 898 (N.D. Ill. 2015) (refusing to compel 10 years' worth of irrelevant documents in a TCPA case). The Plaintiff has already identified (and the Defendant filed in a public filing the Plaintiff's confidential information, and has refused to rectify the same), the number at issue in this case. Defendant did not even address this interrogatory in its meet and confer correspondence or conference. The Plaintiff certainly does not have over 35 cell phones as in *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782 (W.D. Pa. 2016) (holding at summary judgment plaintiff had no standing when she carried over 35 cell phones around in a shoebox). The Plaintiff is, however, willing to supplement this response by identifying the telephone numbers Plaintiff has used during the time of the text messages at issue.

**Interrogatory 10 – Plaintiff's Position**

Interrogatory 10 is largely duplicative of Interrogatory 6, and Plaintiff incorporates by reference his positions therein.

**Interrogatory 7 – Plaintiff's Position**

6

The Plaintiff's employment history is irrelevant to this case, which is an action for violations of the TCPA, not employment. Moreover, 10 years of employment history is plainly irrelevant, as well as not proportional to the needs of the case. In another TCPA case dealing with a nearly identical interrogatory seeking 10 years of employment history, the Court compelled the Plaintiff to produce his employment history at the time of the alleged calls. *Moser v. Health Ins. Innovations, Inc.*, No. 17CV1127-WQH(KSC), 2019 WL 2271804, at *5 (S.D. Cal. May 28, 2019) (compelling only employment history at the time of the calls, not 10 years). Plaintiff has offered to supplement with the Plaintiff's employment at the time of the messages. This is unacceptable to Defendant, and Defendant contends that it is entitled to the full 10 years of employment history.

**Interrogatory 11 and 12 – Plaintiff's Position**

As explained in the Plaintiff's motion to dismiss, Interrogatory 11 seeks the Plaintiff to make a legal conclusion and determination. Interrogatory 12 is similarly irrelevant. How the messages appeared on the Plaintiff's phone, or what make and model his phone is, is *irrelevant* to the analysis of whether one message was sent, received, and billed by the Plaintiff's *telephone carrier*, as reflected in the business records of that common carrier. The Plaintiff has already pled and answered the interrogatory that two messages were delivered to his phone. Just like two letters that are delivered to an individual's mailbox, whether the individual combines the messages into two upon receipt, such as by taping them together with a particular brand of scotch tape, is not relevant to the statutory question: whether two messages were sent.

**Interrogatories 13 and 14 – Plaintiff's Position**

The use of specialized telecommunications equipment or some unspecified

7

"third-party software" to receive text messages is similarly irrelevant to any fact at issue in this case. In *Mey v. Venture Data, LLC*, 245 F. Supp. 3d 771, 783 (N.D.W. Va. 2017), Court held that the possession of special recording equipment "does not deprive the plaintiff of standing any more than the purchase of a burglar alarm would indicate that the homeowner wanted her house to be broken into." As such, Defendant's contentions that such information is probative of standing rings hollow.

**Requests for Production 4 and 5 – Plaintiff's Position**

The Plaintiff has already agreed to produce, and has produced, the telephone records for the subject text messages at issue. The Plaintiff has a substantial privacy interest in his other calls and text messages and those should not be compelled, let alone the unquestionably vague and unspecific "emails, text messages, and other electronically stored information" in any way "related" to the claim. As such, RFP4 does not set for a single reasonably particularized category of documents to be produced. RFP 4 imposes an excessive and undue burden on Plaintiff. It is unlimited in scope and potentially includes all research, drafts, notes, investigation, or mental impressions used in any manner in this litigation. Indeed, this demand is so extreme that it purports to require Plaintiff to search for any scrap of paper or electronic record that could have been used related to this case. It is vague, as the Plaintiff cannot reasonably be required to make a determination of what is "related" or "unrelated" at his own peril. And although RFP 5 qualifies matters somewhat, the provision of a full three years of the Plaintiff's telephone records is problematic in its own right. Plaintiff has a substantial privacy interest in his own telephone records. Over three years' worth of the Plaintiff's personal telephone records of other calls, having no bearing on this matter, are plainly

8

irrelevant and not proportional to the needs of the case. *Fostano v. Santander Consumer USA, Inc.*, No. 10-80704-CIV, 2011 WL 13319593, at *2 (S.D. Fla. Mar. 29, 2011) (denying motion to compel years' worth of the Plaintiff's cell phone records and stating that "these requests are overly broad as to time and are likely to encompass large volumes of irrelevant cell phone records. The Court does, however, find relevant those records establishing the placement of calls from Defendant to Plaintiff's cell phone."); *Bratcher v. Navient Sols., Inc.*, 249 F. Supp. 3d 1283, 1285 (M.D. Fla. 2017) (denying production of a plaintiff's cell phone to attempt to find calling records). Plaintiff notes that, as in *Fostano*, he has agreed to produce records of the subject text messages. Other irrelevant phone records should not be compelled.

**Requests for Production 1 through 3 – Plaintiff's Position**

RFPs 1, 2, and 3 suffer from the same maladies as RFP 4 on a broader scale. Simply asking for "all documents" that relate to the case is a request that is overly broad and disproportionate. *Audiotext Communications v. U.S. Telecom, Inc.*, No. 94–2395–GTV, 1995 WL 18759, at *1 (D.Kan. Jan 17, 1995) (discovery "[r]equests which are worded too broadly or are too all inclusive of a general topic function like a giant broom, sweeping everything in their path, useful or not"); *Ramos v. Whole Hemp Co. LLC*, No. 19-CV-03268-CMA-KMT, 2020 WL 5946152, at *2 (D. Colo. Oct. 6, 2020) (refusing to compel all documents related to "hemp purchases," "business activities," and the like). These requests are vague and fail to set forth reasonably particularized categories of documents to be produced and seek to impose a massive burden on Plaintiff. All in all, this search would consume a significant amount of time and resources and is overburdensome with no viable finish. As phrased, these RFPs are also broad enough to encompass records of communication between Plaintiff's attorneys, in addition to other protected documents. RFP 1 is particularly overly broad because it seeks "all

9

documents" so much as "related" to the "claims or defenses in this case," instead of a specific and reasonably particularized category of documents as the rules require. Similarly, RFP 3's request for communications with "any third party," without specifying with what third party the Plaintiff was communicating, renders that request wholly unintelligible and without direction as to what types of communications Defendant seeks. It asks for all communication, regardless of if it relates to the litigation, as long as it relates to "facts" and "allegations," and is not cabined to relevance under Rule 26.

RESPECTFULLY SUBMITTED AND DATED June 9, 2025

Respectfully submitted,

/s/ Daniel Summa
_____
Daniel Summa
Summa Law Firm, LLC
3 Broad Street, #301
Charleston, SC 29401
843-277-9665 *office*
843-806-2920 *fax*
daniel@summalawfirm.com

*Attorney for Defendant ServiceQuik, Inc.*

/s/ Andrew Roman Perrong
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*