**EXHIBIT A – DISCOVERY REQUESTS AND RESPONSES
RESPONSES TO FIRST INTERROGATORIES TO PLAINTIFF**

**Interrogatory 6:** As both plaintiff and defendant, how many lawsuits has Plaintiff been involved in in his life? Please provide the date, case number, forum, and disposition. If Plaintiff was deposed, please indicate this and the date of deposition.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad as it purports to seek information about every case in which the Plaintiff has filed. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case.

**Interrogatory 7:** Please list Plaintiff's employment history over the past ten (10) years.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request as well outside the permissible statute of limitations. The Plaintiff objects to this interrogatory as impermissibly compound. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, as well as argumentative particularly as the Plaintiff's employment history is irrelevant to the calls the Plaintiff received. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. As multiple courts have held, one's prior employment history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case. The Plaintiff objects to this request in that it intimates that the possession of multiple jobs is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, the Plaintiff has never been employed by or ever had any dealings with Arbor Craft Builders.

**Interrogatory 8:** Please indicate all phone numbers held by Plaintiff in the past ten (10) years. For each, please indicate the wireless provider, the year of acquisition, and the purpose of each line.

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this request as well outside the permissible statute of limitations. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff objects to this request in that it is being propounded to harass the Plaintiff, particularly as the Plaintiff's other phone numbers sought are irrelevant to the calls the Plaintiff received. Plaintiff objects to this interrogatory as impermissibly compound. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy interests. The Plaintiff objects to this request in that it intimates

that the use of multiple telephone numbers is inappropriate, unlawful, untoward, nefarious, or otherwise improper. Notwithstanding the foregoing, and designating this response as confidential, the Plaintiff's telephone number to which he received communications from Defendants was xxx-xxx-xxxx.

**Interrogatory 10:** How many lawsuits has Plaintiff initiated as a result of messages sent to this phone number?

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this Interrogatory as duplicative of Interrogatory 6. The Plaintiff objects insofar as this interrogatory seeks information which is of public record, and therefore equally available to the Defendant as the Plaintiff. Furthermore, the Plaintiff objects as this interrogatory is overly broad as it purports to seek information about every case in which the Plaintiff has filed regarding the number at issue. The Plaintiff objects to this request in that it intimates that filing multiple lawsuits is inappropriate, unlawful, untoward, nefarious, or otherwise improper. As multiple courts have held, one's prior litigation history is irrelevant to the case at hand, and as such, is neither relevant nor proportional to the needs of the case.

**Interrogatory 11:** Regarding the message at issue, did your phone segment the message into two parts or did it appear as one, uninterrupted message on your phone?

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this interrogatory insofar as it asks the Plaintiff to speculate on matters which are outside his knowledge as a layperson. The Plaintiff objects to this interrogatory as an impermissible contention interrogatory requiring him to characterize and/or summarize evidence. The Plaintiff objects insofar as this request seeks attorney-client, expert, and trial preparation communications. Plaintiff objects insofar as this request asks him, as a non-attorney and non-expert, to make legal conclusions to evaluate the facts which bear on a disputed issue in this litigation, whether the Plaintiff received one message or two, including with regard to applicable TCPA case law. Notwithstanding the foregoing, the Plaintiff's telephone was delivered two messages, as confirmed and reflected by the Plaintiff's telephone carrier logs.

**Interrogatory 12:** On what mobile device (e.g. iPhone 14) did you receive this message on?

**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff also objects insofar as this request asserts that Plaintiff provided his consent, in any way, shape, or form, to receive calls or text messages. To date, there has been no putative consent relied upon by the Defendants, let alone one relying on any model of telephone used, and as such, the Plaintiff's phone model is not proportional to the needs of the case. Furthermore, the Plaintiff objects to this request in that it violates the Plaintiff's privacy

and data security interests. The Plaintiff objects to this request in that any information obtained therefrom may be used to attempt to manufacture consent evidence. To date, there has been no evidence of any purported consent produced, and certainly none that relies on the information requested by this interrogatory.

**Interrogatory 13:** Do you have any specialized telecommunications equipment other than cell phones?
**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff objects to this request as vague and confusing as to what "specialized telecommunications equipment" even is, particularly as the Plaintiff has pled that he received the text messages on his cell phone, and not using any "specialized telecommunications equipment." The Plaintiff objects to this request in that it intimates that having some sort of "specialized telecommunications equipment" is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

**Interrogatory 14:** Do you utilize any third-party software to receive and/or send text messages or calls?
**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. The Plaintiff objects to this request in that it requires the disclosure of attorney-client communications. The Plaintiff objects to this request as vague and confusing as to what "third party software" to send text messages or calls even is, particularly as the Plaintiff has pled that he received the text messages on his cell phone, and not using any "third party software."  The Plaintiff objects to this request in that it intimates that having some sort of "third party software" to send or receive text messages and/or calls is inappropriate, unlawful, untoward, nefarious, or otherwise improper.

## RESPONSES TO FIRST REQUESTS FOR PRODUCTION

**Request 1:** All documents that refer or relate to the claims or defenses in this case.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this request insofar as it seeks "all documents" concerning the "claims or defenses in this case," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "claims or defenses in this case." The Plaintiff further objects in that the request

can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for documents in any way even tangentially related to the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form.

**Request 2:** All documents you intend to rely upon or introduce at trial, including demonstratives and exhibits.
**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects in that this request makes no attempt to tailor itself or limit itself in any way, and encompasses potentially thousands of pages of documents protected by various privileges, including the attorney-client, attorney work product, expert, and trial preparation privileges. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Plaintiff objects to this request as premature, as discovery is still in its early stages and Plaintiff is not yet in possession of "all documents" he intends to use at trial, particularly as this case is nowhere near trial. Plaintiff reserves the right to supplement his responses as he comes into possession of more responsive documents.

**Request 3:** All communications with any third party concerning the facts, events, or allegations at issue.
**Response:** Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Plaintiff objects to this Request as duplicative of Request 1. The Plaintiff objects to this request insofar as it seeks "all communications with any third party" concerning the "facts, events, or allegations at

4

issue," and as such the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and vague "facts, events, or allegations at issue." The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for communications in any way even tangentially related to the claims asserted in this case or statements made therein, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. The Plaintiff objects to this request to the extent it requires the disclosure of attorney-client communications. The Plaintiff objects to this request insofar as it purports to assert that the Plaintiff has such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which were never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any tangible form. Notwithstanding the foregoing, there are no non-privileged documents or correspondence with specific respect to the communications at issue.

**Request 4:** All emails, text messages, and other electronically stored information related to the claim. Please produce in native format.
**Response:** Plaintiff objects to the extent that the request is not relevant to any party's claim or defense or proportional to the needs of the case other than the telephone numbers or contacts at issue in this case. Plaintiff objects to this Request as duplicative of Request 1. The Plaintiff objects to this request insofar as it seeks, without limitation, "all emails, text messages, and other electronically stored information," in any way possibly "related" to the claim. As such it is vague, overly broad, and unduly burdensome. Moreover, the request is overly broad and disproportional to the needs of the case, including by rendering it impermissibly vague as it does not put Plaintiff on notice of the exact documents which are being sought. This is also insufficiently specific to place the Plaintiff on notice as to what documents exactly the Defendant is seeking, including insofar as it seeks information related to the exceedingly overbroad, confusing, and open-ended "claim." The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. The Plaintiff further objects in that the request can be read in such a way that it makes no attempt to tailor itself to specific discoverable information but is rather a fishing expedition for all manner of ESI in any

5

way even tangentially related to the "claims" asserted in this case, which implicates significant personal privacy and confidentiality concerns, which includes irrelevant, disproportional information of a highly sensitive and personal nature, including, but not limited to, communications protected by various privileges, including attorney-client privilege. Moreover, as this is an action alleging violation of consumer privacy statutes, this discovery is disproportionate and substantially impacts Plaintiff's privacy rights. It is also harassing on the same basis. The Plaintiff objects as production or identification of any of these materials is overly broad and constitutes an undue burden when compared to any relevance they have on this matter, as it is not sufficiently specific to place the Plaintiff on notice of exactly what documents Defendant is seeking, and substantially invades his privacy interests. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce redacted copies of billing statements sufficient to reflect the Plaintiff's ownership of the number at issue as well as any billing records reflecting the messages at issue, only, together with the Plaintiff's report to Google concerning Arbor Craft Builders, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).

**Request 5:** Your phone records for the number at issue for the three (3) years preceding your complaint.

**Response:** The Plaintiff objects to this request insofar as it seeks documents other than the telephone number or calls at issue in this case and includes information not relevant to any party's claim or defense, do not relate in any manner to Defendant, and as a result are not proportional to the needs of the case. Moreover, the Plaintiff objects to the wholesale production of the Plaintiff's telephone records as violative of the Plaintiff's substantial privacy interests in this lawsuit, which concerns breaches of consumer privacy statutes. The Plaintiff objects insofar as this request seeks attorney-client communications, common interest privilege, communications with experts, and/or trial preparation materials. Plaintiff objects to this request insofar as it purports to assert that Plaintiff has or had such documents in his possession, care, custody, or control, and insofar as this request seeks information which never existed, or which was never stored in any medium from which data may be retrieved, accessed, read, or examined, or fixed in any way in any tangible form. Notwithstanding the foregoing, the Plaintiff will produce redacted copies of billing statements sufficient to reflect the Plaintiff's ownership of the number at issue as well as any billing records reflecting the messages at issue, only, within a reasonable time not to exceed thirty days, as contemplated by FED. R. CIV. P. 34(b)(2)(B).