**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>　　　　　　　Plaintiff,<br>　v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>AND<br><br>WOOSENDER, INC.<br><br>　　　　　　　Defendants. | Case No. 1:24-cv-02286 |

## JOINT DISCOVERY DISPUTE STATEMENT

　　　The Parties move to extend discovery by 45 days. The parties submit their Joint Discovery Dispute Statement of their respective positions herein.

**Relevant Procedural History**

1. The scheduling order for this case provides that discovery cuts off on July 30th, 2025. ECF 27, page 6, ¶ 9(b). Further, it provides that discovery must be served 45 days prior to this deadline. Id, ¶ 8(d). Thus, the last day to serve discovery is June 15.

2. On April 8, 2025, Defendant served Plaintiff with Interrogatories, Requests to Produce, and Requests to Admit.

3. On May 7th, 2025, Defendant responded to these discovery requests with numerous objections.

4. Thereafter, counsel for the parties unsuccessfully attempted to resolve the discovery dispute.

5. On June 11, the Court held a telephonic hearing on the discovery dispute, and overruled many of Plaintiff's objections. ECF 59.

6. On June 18, Plaintiff made a supplemental response to interrogatories.

7. On June 24th, Plaintiff made supplemental response to requests for production.

8. On August 1, Plaintiff took the deposition of Steven Garbesi, WooSender's CEO and co-owner.

**Argument**

**Defendant ServiceQuik's Position:**

Deadlines may be extended for "good cause." FRCP 6(b)(1). In this case, Defendant served discovery requests well within the discovery period, but did not receive a response until well beyond the time to submit additional discovery. Effectively, Defendant has been unable to conduct follow-up discovery simply due to Plaintiff's

2

objections that were, in part, overruled. It would be unfair to deny Defendant the opportunity to conduct follow up discovery to their April 8 discovery requests simply due to now-overruled objections made by Plaintiff.

The production to Defendant was due on May 7th, but was not produced until June 24, 47 days later. Thus, an extension of 45 days would place Defendant in the same position as they would have been had Plaintiff properly responded to the discovery requests.

**Plaintiff Connor's Position:**

In concept, the Plaintiff is not opposed to the requested relief and seeks a corresponding extension of his own to serve a Rule 30(b)(6) deposition on Defendant WooSender. The Plaintiff is amenable to the extension of discovery, so long as there are reasonable limits on the discovery permitted to propounded. Defendant ServiceQuik has identified three interrogatories it seeks to propound, but since that time, as of today, has increased that to "<10 interrogatories and maybe an RFP or two." Defendant WooSender desired to issue a single subpoena, again, which the Plaintiff is not opposed to, but now has taken the position that the extension should not impose further limits on discovery than those ordered by the Court. As such, the Plaintiff joints in the request for an extension, but wishes the Court to impose reasonable limits permitting the parties to conduct the following, limited discovery:

- Plaintiff is limited to a four-hour 30(b)(6) deposition of WooSender
- Defendant WooSender is permitted to serve a single, identified subpoena to The Campaign Registry
- Defendant ServiceQuik is permitted to serve up to five interrogatories, including the three interrogatories it identified.

3

### Defendant Woosender's Position

WooSender concurs with the request to extend the deadline for 45 days. WooSender also requests that all the other deadlines be extended by an equal amount of 45 days. Further Woosender believes there should be no limits (other than the original limits imposed by the court) on the scope of discovery permitted during the 45 day extension. WooSender joins in the request for an extension because, as a newly added defendant in this action, it has had less time to complete discovery than the other parties and needs more time to prepare for trial.

### Previous extensions

No extensions or modifications to the scheduling order have been made thus far in this case.

### Future deadlines

The Parties believe a 45-day extension would only require an extension of the Dispositive Motion / Class Certification deadline by the same amount. Thus, the scheduling order would be identical except the discovery cut off would become September 15, 2025, and the Disposition Motion/ Class Certification deadline would become October 15th, 2025. However, Plaintiff respectfully observes that the subject discovery should be limited in scope in the manner identified so as to prevent all manner of additional discovery at such a late stage of this case.

### Request for Relief

Defendant Servicequik hereby requests that the scheduling order in this case (ECF 27) be amended as to allow discovery until September 15th, 2025, and to allow dispositive or class certification motions until October 15th, 2025.

Plaintiff does not oppose the relief, provided that the Court imposes the limits identified above.

## Statement Regarding D.C.COLO.LCivR 7.1 (a)

Defendant ServiceQuik made attempts to resolve this motion by exchanging several emails with opposing counsel and by having a telephone discussion regarding these issues.

Respectfully submitted,

/s/ Daniel Summa
_____
Daniel Summa
Summa Law Firm, LLC
3 Broad Street, #301
Charleston, SC 29401
843-277-9665 *office*
843-806-2920 *fax*
daniel@summalawfirm.com

*Attorney for Defendant ServiceQuik, Inc.*


*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff*

Dated: August 5, 2025.