IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Charlotte N. Sweeney

Civil Action No. 1:24-cv-02286-CNS-NRN

JAY CONNOR, individually and on behalf of all others similarly situated,

    Plaintiff,

v.

SERVICEQUICK INC., d/b/a Zing Business Management Software, and WOOSENDER, INC.

    Defendants.

## ORDER

    Before the Court are Defendant ServiceQuik Inc. d/b/a/ Zing Business Management Software (ServiceQuik's) Motion to Dismiss, ECF No. 38, and Defendant Woosender Inc.'s (Woosender's) Motion to Dismiss Plaintiff's Second Amended Class Action Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 52. For the following reasons, the Court DENIES ServiceQuik's and Woosender's motions. In doing so, the Court presumes familiarity with the allegations contained in Plaintiff's Second Amended Class Action Complaint, ECF No. 35, as well as the legal standard governing the Court's analysis of the parties' dismissal motions, *see, e.g., Clinton v. Sec. Benefit Life Ins. Co.*, 63 F.4th 1264, 1274–75 (10th Cir. 2023).

## I.     ANALYSIS

### A. ServiceQuik's Motion

The core argument advanced in ServiceQuik's dismissal motion is that Plaintiff fails to state a claim for relief under Section 227(c) of the Telephone Consumer Protection Act (TCPA) because despite pleading that Plaintiff received two text messages from Defendants while his phone number was listed on the national Do-Not-Call (DNC) registry, Plaintiff actually received only one text message that was approximately 227 characters in length. ECF No. 38 at 3–5; *see also* ECF No. 35 (Second Amended Compl.) at 6 ¶¶ 30–31. ServiceQuik argues that Plaintiff's phone records reflect the receipt of two messages due to "invisible technical processes" used to transmit text messages that exceed the standard, 160-character limit for SMS messages.[1] *Id.* at 5. ServiceQuik contends that despite these back-end technological processes, Plaintiff's TCPA claim fails because only one message actually "appear[ed]" on Plaintiff's phone, as evidenced by a screenshot submitted by Plaintiff in a related state-court action.[2] ECF No. 38 at 5. In

---

[1] ServiceQuik describes the technology likely used to transmit the text messages at issue:

> SMS messages, when using the default GSM 7-bit character encoding, are technically limited to 160 characters per segment—a standard set in the 1980s when data transmission was less advanced. However, modern messaging technology makes this limit largely invisible to users. When a message exceeds 160 characters, devices and networks automatically split it into multiple segments using 'concatenated SMS,' which adds a small header to each segment so the recipient's device can seamlessly reassemble them. While each segment is transmitted separately, the end user sees only one continuous message, exactly as the sender intended.

ECF No. 38 at 3–4 (citations omitted).

[2] In support of its dismissal motion, ServiceQuik attaches a screenshot purportedly showing Plaintiff's receipt of a single message on Plaintiff's phone. *See* ECF No. 38-2 (Ex. B). The Court is permitted to consider Exhibit B at this stage as it is part of a publicly filed court record central to Plaintiff's claims. *See Equal Emp. Opportunity Comm'n v. 'Murica, LLC*, 694 F. Supp. 3d 1356, 1365 (D. Colo. 2023) (when

2

response, Plaintiff argues that even if his cell phone combined Defendants' messages "for the ease of reading," he has plainly alleged the receipt of more than one text message from Defendants within a twelve-month period in violation of 47 U.S.C. § 227(c)(5), as evidenced by the entries on Plaintiff's phone bill. ECF No. 47 at 14–16 (citing ECF No. 35 at 6, 7 ¶¶ 30–32). The Court agrees that Plaintiff sufficiently pleaded his TCPA claim.

The TCPA provides a private right of action for "[a] person who has received more than one telephone call [or text message] within any 12-month period by or on behalf of the same entity," when that person's phone number is listed on the DNC registry. 47 U.S.C.A. § 227(c)(5).[3] Here, Plaintiff not only pleads allegations regarding the text contained in each of the two messages, ECF No. 35 at 6 ¶¶ 30, 31, Plaintiff's allegations are supported by an excerpt from his phone records, which reflect his receipt of two separate messages, *id.* at 7 ¶ 32. Other courts have relied on billing records in determining the number of contacts plaintiffs received when evaluating TCPA claims. *See, e.g.*, *Hinman v. M & M Rental Ctr., Inc.*, 596 F. Supp. 2d 1152, 1156 (N.D. Ill. 2009) (acknowledging that "billing records . . . provide some information about each job billed" and that "client invoices indicate how many faxes were sent"). While the screenshot of Plaintiff's phone appears to reflect one continuous message, *see* ECF No. 38-2, that does

---

considering a motion to dismiss under Rule 12(b)(6), "the Court may consider documents incorporated by reference, documents referred to in the complaint that are central to the claims, and matters of which a court may take judicial notice," including "[p]ublicly filed court records.") (internal citations omitted).

[3] The Federal Communications Commission (FCC), which has been delegated authority to implement the TCPA's requirements, has interpreted the TCPA's reference to a "telephone call" to include text messages. *See, e.g.*, *Melito v. Experian Mktg. Sols., Inc.*, 923 F.3d 85, 88–89 (2d Cir. 2019) ("Although text messages are not explicitly covered under the TCPA, the FCC has interpreted the Act to cover them.") (citing *In the Matter of Rules and Regulations Implementing the Tel. Consumer Prot. Act of 1991*, 7 FCC Rcd. 14014, 14115 (July 3, 2003); *Campbell-Ewald Co. v. Gomez*, 136 S.Ct. 663, 667 (2016)).

not necessarily refute or "utterly contradict[]" Plaintiff's allegation that he received two separate messages, particularly given Plaintiff's allegations regarding his billing records and the complexities of the background technological processes at work. *See Flores v. City of Aurora*, No. 1:20-cv-00618-RBJ, 2021 WL 4033117, at *7 (D. Colo. Sept. 3, 2021) (citation omitted). At this stage, where Plaintiff is entitled to have his properly alleged facts accepted as true and enjoy all reasonable inferences drawn from those facts, these allegations are sufficient for Plaintiff's claim to survive. *See Est. of Hebert by & through Bourgeois v. Marinelli*, No. 1:22-cv-02582-CNS-STV, 2023 WL 4744927, at *12 (D. Colo. July 25, 2023) (denying a motion to dismiss even where it "[was] a close call" that plaintiff "alleged enough factual content" to set forth claim).

In addition to the above, ServiceQuik advances two additional arguments in support of its dismissal motion. At this stage, neither is persuasive. First, ServiceQuik argues that Plaintiff fails to state a claim under the TCPA because Plaintiff's allegation that he was contacted on a "residential telephone number" (as opposed to a business phone line which is not entitled to the same TCPA protections) is a "legal conclusion couched as a factual allegation" that the Court need not accept. ECF No. 38 at 6. The Court disagrees. ServiceQuik's contention that Plaintiff's phone number is "listed online as the main phone line of a business" on Google, ECF No. 38 at 6, raises a factual dispute—and not a legal one—that is inappropriate for the Court to analyze at this stage. Plaintiff has plainly alleged that he received the at-issue text messages on a "residential telephone number," ECF No. 35 at 5 ¶ 20, that he uses for "personal, residential, and household reasons," *id.* at 6 ¶ 25, and which he pays for with his "personal financial

4

accounts," *id.* at 6 ¶ 24. Plaintiff also pleads that he "does not use [his] number for business reasons or business use and the number is not registered in the name of a business." *Id.* at 6 ¶ 26. Alleging that Plaintiff's phone number, which is listed "on the DNC" registry, "is not associated with a business and is used for personal purposes," is sufficient to establish that Plaintiff is a "residential telephone subscriber," and not a business, under the TCPA. *Tsolumba v. SelectQuote Ins. Servs.*, No. 5:22-cv-00712, 2023 WL 6146644, at *5 (N.D. Ohio Sept. 20, 2023); *see also id.* ("Because Plaintiff's number is on the DNC Registry, the FCC's presumption that she is a residential telephone subscriber applies.").

Second, ServiceQuik argues that Plaintiff's TCPA claim should be dismissed pursuant to Rule 12(b)(1) for lack of Article III standing because by "fishing for telemarketing violations" and "effectively seeking TCPA lawsuits," Plaintiff "does not have the privacy interest that the TCPA is intended to protect" and "has not suffered an injury in-fact." *See* ECF No. 38 at 6–7. In support of its argument, ServiceQuik contends that Plaintiff has previously "initiated hundreds of lawsuits in relation to telemarketing." *Id.* at 7; *see also id.* at 2 (citing ECF No. 38-4 (Ex. D)). This would perhaps be relevant if Plaintiff were alleging only a "generalized interest in punishing telemarketers," *Leyse v. Bank of Am. Nat'l Ass'n*, 804 F.3d 316, 323 (3d Cir.2015), or if Plaintiff had "admitted" that his "sole purpose" in purchasing his phone was to "receive more calls, thus enabling [him] to file TCPA lawsuits," *Stoops v. Wells Fargo Bank, N.A.*, 197 F. Supp. 3d 782, 802 (W.D. Pa. 2016). However, that is not the case here.

5

Plaintiff has pleaded that he (i) received two text messages from Defendants, ECF No. 35 at 6 ¶¶ 29–32; (ii) never consented to receiving messages from Defendants, *id.* at 6 ¶ 27; and (iii) has never done business with Defendants, *id.* at 10 ¶ 52. Plaintiff also alleges that he personally placed his phone number on the DNC registry, *id.* at 5 ¶ 22, and that each message he received from Defendants was nonconsensual, *id.* at 9 ¶ 50. Taken together, Plaintiff's allegations are sufficient to meet his burden of establishing Article III standing because they establish that Plaintiff has "(1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Spokeo, Inc. v. Robins*, 578 U.S. 330, 338 (2016). The Court further agrees with Plaintiff that ServiceQuik has offered no evidence to support its contention that Plaintiff uses his phone to run a TCPA litigation "business," as opposed to using it for personal and household use. ECF No. 47 at 13. Accordingly, the Court determines that Plaintiff's allegations are sufficient to bring him "within the zone of the privacy rights the TCPA protects" and establish Article III standing. *Barrett v. Vivint, Inc.*, No. 2:19-cv-00568-DBB-CMR, 2020 WL 2558231, at *5 (D. Utah May 20, 2020).

For the foregoing reasons, ServiceQuik's Motion to Dismiss, ECF No. 38, including its request for oral argument, ECF No. 58, is DENIED, along with its request that ServiceQuik's dismissal motion "be converted to a motion for summary judgment," *id.* at 7. The foregoing analysis of ServiceQuik's arguments makes clear that there are several factual disputes to be addressed during discovery. However, upon review of the docket and in light of the October 1, 2025 discovery deadline, *see* ECF No. 67, the parties should

immediately review the Court's procedures for filing a summary judgment motion. *See* CNS Civ. Standing Order Regarding Federal Rule of Civil Procedure 56 Motions. Any party seeking to file a motion for summary judgment must email Chambers, copying opposing counsel, to inform the Court of their intent to file such motion no later than October 14, 2025.

### B. Woosender's Motion

In addition to joining and incorporating ServiceQuik's motion to dismiss, *see* ECF No. 52 at 8, the primary argument advanced in Woosender's dismissal motion is that Plaintiff's claims against Woosender should be dismissed because "Plaintiff does not allege that Defendant Woosender directly sent the text message at issue in this case," *id.* at 4. Woosender contends that Plaintiff's allegations acknowledge that the text messages at issue were "sent by ServiceQuik," *id.* (citing ECF No. 35 at 6, 7 ¶¶ 29, 34), and that Plaintiff merely alleges that "Woosender is liable as a platform for initiating the text message," because Woosender was "'involved in the calling conduct,'" *id.* (citing ECF No. 35 at 9 ¶ 45). In response, Plaintiff contends that it has sufficiently alleged that Woosender is directly liable under the TCPA because, as a "third-party text messaging platform" utilized by ServiceQuik, ECF No. 35 at 7 ¶ 36, Woosender "physically sent the messages at issue" from Woosender's phone number, ECF No. 55 at 5, 6. The Court agrees with Plaintiff.

Pursuant to FCC regulation 47 C.F.R. § 64.1200(c)(2), under Section 227(c) of the TCPA, "no person or entity is permitted to '*initiate* any telephone solicitation . . . to any residential telephone subscriber who has registered his or her telephone number on the

7

national do-not-call registry.'" *In the Matter of the Joint Petition Filed by Dish Network, LLC, the United States of Am., & the States of California, Illinois. N. Carolina, & Ohio for Declaratory Ruling Concerning the Tel. Consumer Prot. Act (Tcpa) Rules*, 28 F.C.C. Rcd. 6574, 6575 (2013) (citing 47 C.F.R. § 64.1200(c)(2)) (emphasis added). An entity directly "initiate[s]" a call or text message "when it takes the steps necessary to physically place a telephone call." *Id.* at 6583. Here, Plaintiff has sufficiently alleged that Woosender directly initiated the at-issue text messages. Plaintiff not only pleads that he received two texts messages "sent using [Woosender's] platform at Defendant ServiceQuik's direction," ECF No. 35 at 6 ¶ 29, he also alleges that Woosender's messaging service "goes [f]ar beyond merely providing the platform that enables them to send messages" and includes "actually setting up and providing intimate support for their customers' campaigns and strategies," *id.* at 8 ¶ 40. Plaintiff further alleges that ServiceQuik "used the services provided by Defendant [Woosender] to send out the text message blasts, such as the one Plaintiff received" *id.* at 8 ¶ 41, and that it was Woosender that actually "sent" the texts at issue, *id.* at 8 ¶ 44. These allegations are sufficient to establish a "direct connection" between Woosender and the transmission of the at issue texts Plaintiff received. *In re Dish Network*, 28 F.C.C. Rcd. at 6575. Woosender's request to dismiss Plaintiff's TCPA claim is DENIED.

In addition to seeking dismissal, Woosender's motion also requests that the Court strike Plaintiff's allegation regarding Woosender's use of "automated calling" software. *See* ECF No. 52 at 7–8 (citing ECF No. 35 at 7 ¶ 38). For the reasons outlined below, the court declines to do so. Under Rule 12(f) (which Woosender neglects to invoke in its

motion), "[t]he court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Motions to strike, however, are "viewed with disfavor," *Griffie v. Allstate Fire & Cas. Ins. Co.*, No. 19-cv-02647-PAB-MEH, 2020 WL 4474800, at *2 (D. Colo. Aug. 3, 2020), and are "usually only granted when the allegations have no bearing on the controversy and the movant can show that he has been prejudiced," *Sierra Club v. Young Life Campaign, Inc.*, 176 F. Supp. 2d 1070, 1086 (D. Colo. 2001). As such, the moving party's "burden of proof is a heavy one." *Holzberlein v. OM Fin. Life Ins. Co.*, No. 08-cv-02053-LTB, 2008 WL 5381503, at *1 (D. Colo. Dec. 22, 2008).

Here, Woosender requests that the Court strike Plaintiff's allegation that "Defendant WooSender hosts all the requisite computer software to enable illegal automated calling." *See* ECF No. 52 at 7–8 (citing ECF No. 35 at 7 ¶ 38). However, Woosender does not argue that Plaintiff's allegation is redundant, immaterial, impertinent, scandalous, or prejudicial, or that it has no bearing on the instant controversy. Instead, Woosender contends that Plaintiff "provides no factual support for its bare assertion that Defendant Woosender used an automated system." *Id.* at 7. Even if true, without more, this is not sufficient to strike an allegation. *See, e.g.*, *Beltran v. InterExchange, Inc.*, No. 14-cv-03074-CMA-KMT, 2015 WL 7253286, at *2 (D. Colo. Nov. 16, 2015) (denying a motion to strike where "no prejudice has been shown against the defendants merely by the inclusion of factual allegations in the Complaint" as those allegations "must ultimately be proved or disproved after the discovery period"); *Sierra Club v. Tri-State Generation & Transmission Ass'n, Inc.*, 173 F.R.D. 275, 285 (D. Colo. 1997) ("Even where the

9

challenged allegations fall within the categories set forth in [Rule 12(f)], a party must usually make a showing of prejudice before the court will grant a motion to strike."); *see also United States ex rel. Schroeder v. Medtronic, Inc.,* No. 17-2060-DDC-BGS, 2024 WL 1095664, at *4 (D. Kan. Mar. 13, 2024) ("[A] rule 12(f) motion is not the appropriate method to challenge the factual support for an allegation."). Moreover, Plaintiff is not required to put up evidence in support of every allegation at the pleading stage. *See Cochran v. City of Wichita*, 771 F. App'x 466, 469 n.3 (10th Cir. 2019) ("In a complaint[,] the plaintiff need not present evidence, but he or she must plead facts and cannot rely on conclusory allegations.") (citing *Tal v. Hogan*, 453 F.3d 1244, 1252 (10th Cir. 2006)). In light of its failure to explain how Paragraph 38 meets any of the bases for striking an allegation under Rule 12(f), Woosender's request to strike is DENIED.

## II.    CONCLUSION

Consistent with the analysis above, Defendant ServiceQuik's Motion to Dismiss, ECF No. 38, and Defendant Woosender's Motion to Dismiss Plaintiff's Second Amended Class Action Complaint Under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), ECF No. 52, are DENIED. Additionally, any party seeking to file a motion for summary judgment is instructed to immediately review the Court's procedures for filing a summary judgment motion and must email Chambers no later than October 14, 2025, copying opposing counsel, to inform the Court of their intent to file a summary judgment motion.

DATED this 8th day of October 2025.

BY THE COURT:

_____
Charlotte N. Sweeney
United States District Judge