UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>and<br><br>WOOSENDER, INC.<br><br>Defendants. | Case No. 1:24-cv-02286 |

## DEFENDANT WOOSENDER INC.'S ANSWER, AFFIRMATIVE DEFENSES AND CROSS-CLAIM TO SECOND AMENDED CLASS ACTION COMPLAINT

Pursuant to Federal Rule of Civil Procedure 8(b), Defendant WooSender, Inc. (WooSender) files the following answer to Plaintiff Jay Connor's Second Amended Class Action Complaint:

## INTRODUCTION

1. WooSender denies the allegations set out in paragraph 1 of the Second Amended Class Action Complaint.

2. WooSender denies the allegations set out in paragraph 2 of the Second Amended Class Action Complaint.

3. WooSender denies the allegations set out in paragraph 3 of the Second Amended Class Action Complaint. Further, Woosender denies that this Court should

exercise supplemental jurisdiction over Plaintiff's South Carolina Telephone Privacy Protection Act claims.

4. WooSender denies the allegations set out in paragraph 4 of the Second Amended Class Action Complaint.

5. WooSender denies the allegations set out in paragraph 5 of the Second Amended Class Action Complaint.

## PARTIES

6. Admitted.

7. It is admitted only that Defendant ServiceQuik Inc.'s principal place of business is Colorado. The remaining averments of paragraph 7 are denied.

8. It is admitted only that WooSender is a Pennsylvania corporation with its headquarters and principal place of business in Pennsylvania and that WooSender does business nationwide. The remaining averments of this paragraph are denied.

## JURISDICTION AND VENUE

9. WooSender admits only that this Court has federal question jurisdiction over Plaintiff's TCPA claims. WooSender denies that this Court has or should exercise supplemental jurisdiction over Plaintiff's South Carolina Telephone Privacy Protection Act claims. The remaining averments of this paragraph are denied.

10. WooSender admits only that this Court has personal jurisdiction over ServiceQuik and WooSender. The remaining averments of this paragraph are denied.

11. It is admitted that venue is proper in this District. The remaining averments of this paragraph are denied.

## FACTS

12. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

13. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

14. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

15. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

16. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

17. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

18. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

19. Admitted.

20. Admitted.

21. Admitted.

22. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

23. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

24. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

25. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

26. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

27. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied. By way of further answer, it is denied that Plaintiff ever received any calls from WooSender.

28. It is admitted only that Plaintiff never did any business with WooSender. With respect to the remaining averments of paragraph 28, WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore the remaining averments of this paragraph are denied.

29. The averments of this paragraph are denied.

30. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied. By way of further

answer, it is denied that Plaintiff ever received any calls or text messages from WooSender.

31. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied. By way of further answer, it is denied that Plaintiff ever received any calls or text messages from WooSender.

32. The averments of this paragraph 32 are denied.

33. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

34. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

35. WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore this paragraph is denied.

36. Denied that multiple messages were sent to Plaintiff or that WooSender sent any messages. It is admitted only that WooSender is a platform that was utilized by ServiceQuik.

37. The averments of this paragraph are denied.

38. The averments of this paragraph are denied.

39. The averments of this paragraph are denied, as any material quoted by Plaintiff is inapplicable to the relationship between WooSender and ServiceQuik.

40. The averments of this paragraph are denied.

41. The averments of this paragraph are denied.

42. The averments of this paragraph are denied.

43. It is admitted only that ServiceQuik chose not to access the ability to identify numbers on the Do Not Call Registry. The remaining averments of this paragraph are denied.

44. The averments of this paragraph are denied.

45. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

46. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

47. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied. By way of further answer, it is denied that WooSender had any responsibility for the message.

48. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

49. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

50. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

51. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied. By way of further answer, it is denied that WooSender had the opportunity to "scrub" ServiceQuik's text messages.

52. It is admitted only that the Plaintiff never did business with WooSender. With respect to the remaining averments of this paragraph, WooSender lacks knowledge or information sufficient to form a belief as to the truth of the averment, and therefore the same is denied.

53. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

54. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

55. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

## CLASS ACTION ALLEGATONS

56. WooSender incorporates by reference its Answers to paragraphs 1 through 55, as though set forth herein at length.

57. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments

7

are denied. Further, denied that the proposed classes are appropriate tailored to the facts pled or learned in discovery.

58. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

59. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

60. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

61. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

62. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

63. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

## FIRST CAUSE OF ACTION

64. WooSender incorporates by reference its Answers to paragraphs 1 through 63, as though set forth herein at length.

65. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

66. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

67. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

68. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

## SECOND CAUSE OF ACTION

69. WooSender incorporates by reference its Answers to paragraphs 1 through 68, as though set forth herein at length.

70. The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

71.  The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

72.  The averments of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the averments are denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMTIVE DEFENSE

Defendant WooSender did not make or initiate any calls or text messages to the Plaintiff.

### SECOND AFFIRMTIVE DEFENSE

All communications by ServiceQuik were developed, initiated and maintained independently by Defendant ServiceQuik with no supervision or control of the content, timing or recipient of the message by WooSender.

### THIRD AFFIRMTIVE DEFENSE

WooSender never contacted or called the Plaintiff.

### FOURTH AFFIRMTIVE DEFENSE

WooSender's platform was intended to be used by ServiceQuik to contact businesses who were exempt from the provisions of the TCPA.

### FIFTH AFFIRMTIVE DEFENSE

WooSender's platform does not utilize an Automated Telephone Dialing System.

## SIXTH AFFIRMTIVE DEFENSE

The telephone number that sent the text message was registered to ServiceQuik.

## SEVENTH AFFIRMTIVE DEFENSE

WooSender incorporates and adopts all Affirmative Defenses asserted by Defendant ServiceQuik Inc.

## EIGHTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Plaintiff suffered no damages and invited the conduct upon which he asserts his claims.

## NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because Defendant complied with the TCPA Safe Harbor under 47 U.S.C. § 227(c)(5) and/or 47 C.F.R. § 64.1200(c)(2)(i)(A)-(E).

## CROSS CLAIM AGAINST DEFENDANT SERVICEQUIK INC.

WooSender asserts this cross-claim against ServiceQuik, Inc. pursuant to Federal Rule of Civil Procedure 19(g).

In the event WooSender is found liable for any of Plaintiff's claims, such liability being expressly denied, Defendant ServiceQuik is liable over to Woosender to indemnify and hold harmless WooSender for any damages, attorneys' fees and costs, arising from ServiceQuik's violation of WooSender Inc.'s Terms of Service and User Agreement.

**WHEREFORE**, Defendant WooSender Inc. prays that this Court dismiss plaintiff's Second Amended Class Action Complaint with prejudice and enter judgment in its favor.

_____
David Kraut, Esquire
Timothy Knowles, Esquire
WARREN, McGRAW & KNOWLES, LLC
920 Lenmar Drive
Blue Bell, PA  19422
610.584.9400 Telephone
dkraut@wmpalaw.com

Case No. 1:24-cv-02286-CNS-NRN   Document 71   filed 10/22/25   USDC Colorado
pg 13 of 13


## CERTIFICATE OF SERVICE

 I, David Kraut, Esquire, hereby certify that on this 22ND day of October, 2025, I served the foregoing **Defendant WooSender, Inc.'s Answer, Affirmative Defenses and Cross-Claim** by email to the following email addresses:

Anthony I. Paronich, Esquire
Paronich Law, P.C.
350 Lincoln Street - Suite 2400
Hingham, MA 02043
617-485-0018
Fax: 508-318-8100
Email: anthony@paronichlaw.com
*ATTORNEY FOR PLAINTIFF*

Andrew Roman Perrong, Esquire
Perrong Law LLC
2657 Mt. Carmel Avenue
Glenside, PA 19038
215-225-5529
Fax: 888-329-0305
Email: a@perronglaw.com
*ATTORNEY FOR PLAINTIFF*

Philip Daniel Summa, Esquire
Summa Law Firm LLC
3 Broad Street - Suite 301
Charleston, SC 29401
843-277-9665
Fax: 843-806-2920
Email: daniel@summalawfirm.com
*ATTORNEY FOR DEFENDANT SERVICEQUIK, INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE*

David Kraut, Esquire – Pa. Id. No. 17637
WARREN, McGRAW & KNOWLES, LLC
920 Lenmar Drive
Blue Bell, PA  19422
610.584.9400 Telephone
dkraut@wmpalaw.com

Dated:  October 22, 2025

13