**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>                   Plaintiff,<br>   v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE<br><br>AND<br><br>WOOSENDER, INC.<br><br>                   Defendants. | Case No. 1:24-cv-02286<br><br><br>**DEFENDANT SERVICEQUIK'S ANSWER TO PLAINTIFF'S SECOND AMENDED COMPLAINT** |

Defendant Servicequik (hereinafter, "Defendant") hereby answers the Plaintiff's Second Amended Class Action Complaint, ECF 35.

1. Defendant denies the allegations of paragraph 1.

2. Defendant denies the allegations of paragraph 2.

3. Defendant denies the allegations of paragraph 3 and further denies that this Court should exercise supplemental jurisdiction over Plaintiff's South Carolina state law claims.

4. Paragraph 4 is a description of what Plaintiff is alleging, and Defendant denies those allegations.

5. Paragraph 5 is denied as written.

6. Upon information and belief, paragraph 6 is admitted.

7. Paragraph 7 is denied as written as Defendant did not attempt to market to Mr. Connor. The message at-issue was directed at a business that Mr. Connor

1

has claimed no affiliation with. The description of Defendant is admitted.

8. Defendant is without sufficient information to respond to paragraph 7.

9. Defendant admits only that this Court has federal question jurisdiction over Plaintiff's TCPA claims. Defendant denies that this Court has or should exercise supplemental jurisdiction over Plaintiff's SCTPPA claims. The remaining allegations of this paragraph are denied.

10. Defendant admits only that this Court has personal jurisdiction over Defendant and Defendant Woosender. The remaining allegations of this paragraph are denied.

11. Defendant admits that venue is proper in this District. The remaining allegations of this paragraph are denied.

12. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the allegations are denied.

13. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the allegations are denied.

14. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the allegations are denied.

15. This paragraph is admitted upon information and belief.

16. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the

allegations are denied.

17. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the allegations are denied.

18. The allegations of this paragraph are denied as legal conclusions to which no response is required. However, to the extent they require an answer, the allegations are denied.

19. It is admitted that Jay Connor is a person, but it is denied that he should be considered a "person" in this case under the TCPA as he was utilizing a number that was listed online for a business.

20. Responding to paragraph 20, the number is redacted and thus Defendant cannot admit or deny this paragraph.

21. Admitted

22. Defendant is without sufficient information to admit or deny this paragraph.

23. This paragraph is denied.

24. Defendant is without sufficient information to admit or deny this paragraph.

25. Defendant is without sufficient information to admit or deny this paragraph.

26. Defendant is without sufficient information to admit or deny this paragraph.

27. Defendant is without sufficient information to admit or deny this paragraph.

28. This paragraph is admitted.

29. This paragraph is denied as written.

30. This paragraph is denied as written.

31. This paragraph is denied as written.

32. This paragraph is denied.

33. Defendant is without sufficient information to admit or deny this paragraph.

34. This paragraph is denied as written. Defendant admits that it obtained phone numbers from Dara Komarac, but denies Plaintiff's description of Fiverr and denies that they did anything illegal.

35. This paragraph is denied as written.

36. This paragraph is denied as written, but Defendant admits that it at one point used Woosender.

37. This paragraph is denied as written.

38. This paragraph is denied upon information and belief.

39. This paragraph is denied as written.

40. This paragraph is denied as written.

41. This paragraph is denied as written, but Defendant admits to using Woosender to send out text messages.

42. This paragraph is admitted upon information and belief.

43. This paragraph is denied as written.

44. This paragraph is denied as written.

45. This paragraph is denied as written.

46. This paragraph is denied as written.

47. This paragraph is admitted insofar as the message did not contain a last name and that the message used a "doing business as" name, but denies any characterization that there was any attempt to deceive the intended receiver, a business by the name of Arbor Craft Builders. Further, Defendant admits

that the Plaintiff received "a message" rather than two.

48. Denied as written but admitted that Defendant was offering website services to a business.

49. Denied. The *Gomez* opinion does not say that "text messages are calls for the purposes of the TCPA." Rather, the opinion was addressing a particular portion of the TCPA that is not at issue in this case. Regardless, the Court was not adjudicating whether texts should be considered calls and simply noted that the issue was undisputed. The Court clarified in a later opinion that because the issue was undisputed, it assumed that text messages were calls "without considering or resolving that issue." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 400, 141 S. Ct. 1163, 1168, 209 L. Ed. 2d 272 (2021).

50. Denied as written. Defendant's intention was to contact a business whose number was publicly listed on a Google Business Profile. Defendant submits that businesses who post their phone numbers online are consenting to being contacted.

51. Denied as written.

52. Admitted

53. Denied.

54. Denied. Upon information and belief, the Plaintiff possesses multiple phone numbers and actively seeks text messages and or calls as to profit from telemarketing lawsuits, as evidenced by hundreds of lawsuits he has filed in relation to telemarketing solicitations. Upon information and belief, Plaintiff has no true interest in privacy.

55. Denied upon information and belief.

56. This paragraph is a reincorporation of previous paragraphs and thus no response is required.

57. This paragraph is a legal conclusion and thus no response is required.

58. This paragraph is denied.

59. This paragraph is denied.

60. This paragraph is denied.

61. This paragraph is denied.

62. This paragraph is denied.

63. This paragraph is denied.

64. This paragraph is a reincorporation of previous paragraphs and thus no response is required.

65. This paragraph is denied.

66. This paragraph is denied.

67. This paragraph is denied.

68. This paragraph is denied.

69. This paragraph is a reincorporation of previous paragraphs and thus no response is required.

70. Admitted.

71. Admitted, but this is subject to affirmative defenses as set forth *supra*.

72. Denied.

**Affirmative Defenses**

1. A text message is not a "telephone call" under 47 U.S.C. § 227(c)(5).

2. By only contacting businesses that had Google Business Profiles, the Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under subsection 47 U.S.C. § 227(c)(5). Thus, they are entitled to the Safe Harbor provision of § 227(c)(5).

3. By only contacting businesses that had Google Business Profiles, the Defendant established and implemented, with due care, reasonable practices and procedures to effectively prevent telephone solicitations in violation of the regulations prescribed under South Carolina Code § 37-21-70. Thus, they are entitled to the Safe Harbor provision of SC Code § 37-21-70.

4. Regardless of the above, the Plaintiff received one text message, not two, and thus he cannot pursue a claim under § 227(c)(5).

5. The Plaintiff pled, in a related state court action, that he received "a message," and thus he should be judicially estopped from arguing a contradictory position in this case.

6. Regardless of the above, one 227-character text message should not be considered "more than one telephone call within any 12-month period" as prescribed by 47 U.S.C. § 227(c)(5).

7. The TCPA is intended to protect individuals, not businesses.

8. The Plaintiff's phone number was listed online on a Google Business Profile for "Arbor Craft Builders." Thus, the Plaintiff is not a "residential telephone subscriber" within the meaning of the TCPA.

9. The Plaintiff actively sought the messages like the one at issue, and thus he

7

has no genuine interest in privacy, and thus no standing per Article III of the United States Constitution.

10. The Plaintiff was not actually harmed by the message in any way. Thus, he has suffered no injury-in-fact.

11. The provisions of § 227(c) do not apply to cell phones. The term "Residential Telephone Subscriber," as used in 1991 when the TCPA was enacted, obviously refers to a subscriber as a landline telephone subscriber. The Court need not defer to, and is not bound by, any FCC orders on this subject and must interpret the statute according to "the reading the court would have reached if no agency were involved." *Loper Bright Enterprises v. Raimondo*, 603 U.S. 369, 400 (2024). *See, e.g., Turizo v. Subway Franchisee Advert. Fund Tr. Ltd.*, 603 F. Supp. 3d 1334, 1340 (S.D. Fla. 2022) (finding that the provision at hand does not apply to cell phones, but determining the court was previously bound by FCC orders).

12. Plaintiff's Second Amended Complaint fails to state a claim upon which relief can be granted.

13. Any alleged violation of the TCPA or state law was not willful or knowing within the meaning of the aforementioned statutes.

**WHEREFORE**, Defendant Servicequik respectfully requests that this Court dismiss Plaintiff's Complaint with prejudice, enter judgment in its favor, award Defendant costs of this action, including reasonable attorney's fees, along with any other relief that the Court deems just and proper.

Respectfully submitted,

*/s/ Daniel Summa*

_____
Daniel Summa
Summa Law Firm, LLC
3 Broad Street, #301
Charleston, SC 29401
843-277-9665 *office*
843-806-2920 *fax*
daniel@summalawfirm.com

*Attorney for Defendant ServiceQuik, Inc.*

October 23, 2025
Charleston, South Carolina

9