IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE, ET AL<br><br>Defendants. | Case No. 1:24-cv-02286 |

**PLAITNIFF'S UNOPPOSED MOTION TO RESTRICT**

Pursuant to Rule 7.2(c) of the Local Rules for the United States District Court for the District of Colorado, the above-captioned Plaintiff with the consent of Defendant ServiceQuik Inc. ("Defendant") hereby moves to restrict public access to confidential and personally sensitive information contained in the Plaintiff's deposition, attached as an exhibit to Defendant ServiceQuik's Motion for Summary Judgment, at ECF No. 82-3. This unopposed motion should be granted because public disclosure of certain the confidential and personally sensitive information designated as such in the Plaintiff's deposition would implicate significant personal confidentiality concerns. Plaintiff respectfully requests that the Court enter the accompanying proposed order and restrict the unredacted Plaintiff's deposition transcript and permit the redacted copy attached herein as Exhibit A to be publicly filed on the docket.

**CERTIFICATE OF CONFERRAL**

In accordance with Local Rule 7.2(c), counsel for Plaintiff has conferred with counsel for Defendant regarding this Motion, and Defendant consents to the relief sought herein.

**LEGAL STANDARD**

Courts have discretion to restrict access to court filings when the "public's right of access is outweighed by interests which favor nondisclosure." *Cahey v. Int'l Bus. Machs. Corp.*, 2021 WL 5051953, at *1 (D. Colo. Apr. 2, 2021) (Wang, M.J.). While there is a presumption against restricting access, this presumption "may be overcome if the party seeking to restrict access to records articulates a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process." *Cahey*, 2021 WL 5051953, at *1 (cleaned up). Such an interest includes when the records contain "business information that might harm a litigant's competitive standing." *Cahey*, 2021 WL 5051953, at *1. On the personal side, telephone number information and correlated subscriber identities, *T2 Techs., Inc. v. Windstream Commc'ns, Inc.*, No. 14-CV-03151-MSK-KLM, 2016 WL 9735763, at *6 (D. Colo. Sept. 26, 2016), spousal and family information, *Dailey v. Hecht*, No. 16-CV-00581-RBJ, 2017 WL 1243024, at *2 (D. Colo. Jan. 6, 2017), and addresses and employment information, *Oldershaw v. DaVita Healthcare Partners, Inc.*, No. 15-CV-01964-MSK-NYW, 2017 WL 11688073, at *2 (D. Colo. Apr. 7, 2017), are all entitled to protection because they are unnecessary to determine the motion for summary judgment and appropriately restricted from public access.

Local Rule 7.2(c) provides the procedure for filing a document under restriction. Pursuant to Local Rule 7.2(c), a party seeking to restrict access must: (1) identify the

2

document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. *See TRUSTID, Inc. v. Next Caller Inc.*, 2021 WL 5384499, at *5 (D. Colo. Nov. 18, 2021).

## BACKGROUND

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and related South Carolina state law. Plaintiff Jay Connor alleges that he received unlawful telemarketing text messages from Defendant on his personal wireless telephone number, which was registered on the National Do Not Call Registry. Defendant ServiceQuik has filed a Motion for Summary Judgment (ECF No. 82), attaching as Exhibit 3 the transcript of Plaintiff's deposition taken on June 27, 2025 (ECF No. 82-3) (the "Deposition Transcript"). The Deposition Transcript was filed on the public docket on February 5, 2026 without restriction.

On August 14, 2025, Plaintiff submitted an Errata Sheet to the deposition transcript in which he designated specific pages and lines of the transcript as confidential pursuant to the Protective Order entered by this Court on July 24, 2025 (ECF No. 64).The Errata Sheet designates as confidential: (1) Pages 5, 6, 12–13, 15–22, 23–24, 26–27, 52–53, 77, 79, and 110 of the transcript; (2) Lines 14:22–25, 35:5, 44:2, 46:2, 82:16, and 82:21; and (3) broadly, any Personal Identifying Information appearing anywhere in the transcript, including addresses, all phone numbers, email addresses, information relating to Plaintiff's bankruptcy, all financial information including income information and

3

payment amounts from specific contracting work, discussions of confidential settlement information, names and identifying details of Plaintiff's clients, friends, or family members, as well as subcontractors or other individuals who are not parties to the case.

The Protective Order expressly provides that information implicating "privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information" may be designated as CONFIDENTIAL. ECF No. 64 ¶ 3. The Errata Sheet's confidentiality designations are entirely consistent with the Protective Order.

## **ARGUMENT**

1. Disclosure of the designated portions of the deposition transcript would harm Plaintiff's significant personal privacy interests.

The portions of the Deposition Transcript designated as confidential in the Errata Sheet contain several categories of highly sensitive personal information whose public disclosure would cause significant harm to Plaintiff.

*First*, the designated portions contain Plaintiff's personal phone numbers. Phone numbers are quintessential personal identifying information, and, when associated with the name of a subscriber, are federally protected CPNI. 47 U.S.C. § 222(c). In addition to being federally protected, public disclosure of Plaintiff's private phone numbers in a judicial filing could expose him to harassment, unwanted solicitations, and the very harms he seeks to remedy in this litigation. Redaction of the telephone number information is therefore appropriate. *T2 Techs*, 2016 WL 9735763, at *6. This concern is not hypothetical: the Transcript also reveals that Plaintiff has previously been subjected to severe harassment, including threats of violence against him and his family, as a result of his pursuit of TCPA claims, and that his phone number was misused by bad actors

4

who inserted it into robocall campaigns to harass third parties. Public filing of Plaintiff's phone numbers would meaningfully increase these risks.

*Second*, the designated portions contain Plaintiff's personal financial information, including income figures, payment amounts from specific contracting work, and details of a prior personal bankruptcy. This is precisely the type of private financial information that this Court routinely protects from public disclosure. *See, e.g.*, *Teets v. Great W. Life & Annuity Ins. Co.*, 2016 WL 1586418, at *2–3 (D. Colo. Apr. 20, 2016).

*Third*, the designated portions contain details of confidential settlement communications from prior litigation. Public disclosure of such information is disfavored both because of the policy interests in encouraging settlement and because of applicable rules of evidence. Fed. R. Evid. 408. Moreover, such information has no bearing on any of the arguments made in Defendant's Motion for Summary Judgment. *See Oldershaw*, 2017 WL 11688073, at *2 (holding that irrelevant personal information having no bearing on motion was appropriately restricted).

*Fourth*, the designated portions identify by name and detail Plaintiff's personal clients, friends, family members, and subcontractors. These are third parties who are not parties to this litigation, who have not consented to having their association with Plaintiff publicized, who are not included or implicated in the Defendant's motion, *See Oldershaw*, 2017 WL 11688073, at *2 (holding that irrelevant personal information having no bearing on motion was appropriately restricted), and who have no bearing on any of the claims or defenses at issue in this litigation. Such information is appropriately restricted on a personal level, *Dailey*, 2017 WL 1243024, at *2, as well as a business level, as identities

5

of subcontractors and clients have no bearing on the instant TCPA claims and further may work a competitive disadvantage. *Cahey*, 2021 WL 5051953, at *1.

*Fifth*, the designated portions contain Plaintiff's email addresses, home addresses, and other personal identifying information that, if made publicly available in a federal court filing, could facilitate identity theft, harassment, or other harm, which are not referenced at all in the Motion for Summary Judgment, and are likewise appropriately restricted. *Dailey*, 2017 WL 1243024, at *2.

2. Plaintiff's significant personal privacy interests outweigh the presumption of public access.

The presumption of public access may be overcome where the movant demonstrates a "real and substantial interest" that justifies restriction. *Cahey*, 2021 WL 5051953, at *1. Courts in this District have consistently found that personal privacy interests, including those articulated above, including protection of personal identifying information, financial information, and information about non-party individuals, constitute such a substantial interest. *See, e.g.*, *Rodriguez v. City of Brighton*, 2022 WL 20538803, at *1 (D. Colo. Apr. 25, 2022) (ordering restriction of financial information); *Toren-Edmiston v. Wells Fargo & Co.*, 2020 WL 13932683, at *9 (D. Colo. Feb. 6, 2020) (restricting information relating to employment and compensation structure); *T2 Techs.*, 2016 WL 9735763, at *6 (restricting telephone subscriber information); *Dailey*, 2017 WL 1243024, at *2 (restricting spousal and family information); *Oldershaw*, 2017 WL 11688073, at *2 (restricting addresses and employment information).

Restriction of the designated portions of the Deposition Transcript is consistent with this Court's own Protective Order, which expressly contemplates that personal financial information and private personal information may be designated as

6

CONFIDENTIAL and restricted from public access. (ECF No. 64 ¶ 3-10.) Plaintiff timely designated the relevant portions pursuant to that Order without objection. *Id.* ¶ 7. The public interest in accessing these specific portions of the transcript is minimal. As an initial matter, none of the portions of the transcript sought to be redacted are in any way relied upon in the Defendant's Motion for Summary Judgment, and so the public has little interest in irrelevant information that will not be implicated in the Court's decision on the motion. Relatedly, the designated information is personal and private in nature and sheds no light on the merits of Plaintiff's TCPA claims or the conduct of the Defendants. The substantive legal issues in this case can be fully litigated, and the public can fully understand the nature of the dispute, from the unredacted, publicly-available portions of the Deposition Transcript and other filings.

3. There is no practicable alternative to the redaction of the designated portions.

Plaintiff proposes the least restrictive means of protecting his personal privacy interests: restricting only those specific pages and lines designated as confidential in the Errata Sheet, while permitting the remainder of the Deposition Transcript to remain publicly accessible. A redacted version of the Deposition Transcript, with the confidential portions redacted, will be filed on the public docket as Exhibit A to this Motion, consistent with the approach approved by courts in this District. *See, e.g., L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *8-9 (D. Colo. Sept. 27, 2013) (granting motion for leave to restrict and ordering redacted version of exhibits to be published). The specific information at issue, including phone numbers, financial figures, settlement details, and names of non-parties, cannot be adequately protected through any means short of restriction and redaction. Simply filing the Deposition Transcript with certain

words blocked out does not prevent the targeted harms if the underlying unredacted document remains publicly accessible on the docket. Accordingly, Level 1 restriction of the unredacted Deposition Transcript is appropriate, with the redacted version to remain on the public docket.

RESPECTFULLY SUBMITTED AND DATED this February 19, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this February 19, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.