## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

JAY CONNOR, individually and on
behalf of all others similarly situated,

               Plaintiff,

    v.

SERVICEQUIK INC. d/b/a
ZING BUSINESS MANAGEMENT
SOFTWARE, ET AL

             Defendants.

Case No. 1:24-cv-02286

## <u>PLAITNIFF'S UNOPPOSED MOTION TO RESTRICT</u>

Pursuant to Rule 7.2(c) of the Local Rules for the United States District Court for the District of Colorado, the above-captioned Plaintiff with the consent of Defendant ServiceQuik Inc. ("Defendant") hereby moves to restrict public access to confidential and personally sensitive information contained in the Plaintiff's telephone records, attached as exhibits to Plaintiff's oppostition to Defendant ServiceQuik's Motion for Summary Judgment, at ECF No. 86-1 and 86-2, which correspond to ECF Nos. 87 and 87-1.

This unopposed motion should be granted because public disclosure of certain the confidential and personally sensitive information designated as such in the Plaintiff's telephone records would implicate significant personal confidentiality concerns, including personal telephone numbers, device identifiers, and cell site locations. Plaintiff respectfully requests that the Court enter the accompanying proposed order and restrict the unredacted Plaintiff's telephone records and permit the redacted copies attached herein as Exhibits A and B to be publicly filed on the docket.

## CERTIFICATE OF CONFERRAL

In accordance with Local Rule 7.2(c), counsel for Plaintiff has conferred with counsel for Defendant regarding this Motion, and Defendant consents to the relief sought herein.

## LEGAL STANDARD

Courts have discretion to restrict access to court filings when the "public's right of access is outweighed by interests which favor nondisclosure." *Cahey v. Int'l Bus. Machs. Corp.*, 2021 WL 5051953, at *1 (D. Colo. Apr. 2, 2021) (Wang, M.J.). While there is a presumption against restricting access, this presumption "may be overcome if the party seeking to restrict access to records articulates a real and substantial interest that justifies depriving the public of access to the records that inform the court's decision-making process." *Cahey*, 2021 WL 5051953, at *1 (cleaned up). Such an interest includes when the records contain "business information that might harm a litigant's competitive standing." *Cahey*, 2021 WL 5051953, at *1. On the personal side, telephone number information and correlated subscriber identities, *T2 Techs., Inc. v. Windstream Commc'ns, Inc.*, No. 14-CV-03151-MSK-KLM, 2016 WL 9735763, at *6 (D. Colo. Sept. 26, 2016), and address (cell site) information, *Oldershaw v. DaVita Healthcare Partners, Inc.*, No. 15-CV-01964-MSK-NYW, 2017 WL 11688073, at *2 (D. Colo. Apr. 7, 2017), are both entitled to protection because they are unnecessary to determine the motion for summary judgment and appropriately restricted from public access.

Local Rule 7.2(c) provides the procedure for filing a document under restriction. Pursuant to Local Rule 7.2(c), a party seeking to restrict access must: (1) identify the document or the proceeding for which restriction is sought; (2) address the interest to be protected and why such interest outweighs the presumption of public access; (3) identify

a clearly defined and serious injury that would result if access is not restricted; (4) explain why no alternative to restriction is practicable or why only restriction will adequately protect the interest in question; and (5) identify the level of restriction sought. *See TRUSTID, Inc. v. Next Caller Inc.*, 2021 WL 5384499, at *5 (D. Colo. Nov. 18, 2021).

## BACKGROUND

This is a putative class action brought under the Telephone Consumer Protection Act, 47 U.S.C. § 227, and related South Carolina state law. Plaintiff Jay Connor alleges that he received unlawful telemarketing text messages from Defendant on his personal wireless telephone number, which was registered on the National Do Not Call Registry. Defendant ServiceQuik has filed a Motion for Summary Judgment (ECF No. 82). In opposition to that motion, the Plaintiff submitted as exhibits various AT&T telephone records with placeholders at ECF Nos. 86-1 and 86-2, unredacted copies of which were subject to Level 1 Restriction in ECF Nos. 87 and 87-1.

Besides the subject calls, the telephone records contain irrelevant information about other telephone calls the Plaintiff placed or received that day, as well as confidential identifiers both of his cell phone IMEI as well as cell site location information. None of these telephone calls, identifiers, or cell site information are relied upon in either Defendant's motion or Plaintiff's opposition, but do form part of the records maintained by AT&T surrounding the calls at issue.

The Protective Order entered in this case expressly provides that information implicating "privacy or business interests of the parties, including but not limited to: medical and personal financial information, private personnel information, trade secrets, and other proprietary business information" may be designated as CONFIDENTIAL. ECF

3

No. 64 ¶ 3. The designations sought here are entirely consistent with the Protective Order and the documents, which were produced subject to that order.

## **ARGUMENT**

1. Disclosure of the designated portions of the telephone records would harm Plaintiff's significant personal privacy interests.

The portions of the Telephone records designated as confidential several categories of highly sensitive personal information whose public disclosure would cause significant harm to Plaintiff.

*First*, the designated portions contain Plaintiff's personal phone numbers and numbers of other third parties with whom Plaintiff communicated. Phone numbers are quintessential personal identifying information, and, when associated with the name of a subscriber, are federally protected CPNI. 47 U.S.C. § 222(c). In addition to being federally protected, public disclosure of Plaintiff's private phone numbers in a judicial filing could expose him to harassment, unwanted solicitations, and the very harms he seeks to remedy in this litigation. This is especially true of the third parties whose privacy interests are implicated in the telephone records. Redaction of the telephone number information is therefore appropriate. *T2 Techs*, 2016 WL 9735763, at *6. This concern is not hypothetical: Plaintiff has previously been subjected to severe harassment, including threats of violence against him and his family, as a result of his pursuit of TCPA claims, and that his phone number was misused by bad actors who inserted it into robocall campaigns to harass third parties. Public filing of Plaintiff's phone numbers, as well of the third parties with whom he communicates would meaningfully increase these risks.

*Second*, the designated portions contain Plaintiff's IMEI information. An IMEI number is a "unique number[] associated with a particular telephone user or

communications device." *United States v. Moalin*, 973 F.3d 977, 991 (9th Cir. 2020). By exposing the IMEI of the Plaintiff's cell phone to the public record, when coupled with other information, the Plaintiff's location at any moment may be revealed to located Plaintiff at any time to "within approximately a square kilometer." *See id.* The same is true of the incorporated cell site information, which triangulate the Plaintiff's location to a few hundred feet using GPS coordinates. *See United States v. Stimler*, 864 F.3d 253, 260 (3d Cir. 2017) (vacated in part on other grounds). As the information is irrelevant, has no bearing on the motion, and can be used to identify and locate the Plaintiff, such information is appropriately restricted. *See Oldershaw*, 2017 WL 11688073, at *2.

2. Plaintiff's significant personal privacy interests outweigh the presumption of public access.

The presumption of public access may be overcome where the movant demonstrates a "real and substantial interest" that justifies restriction. *Cahey*, 2021 WL 5051953, at *1. Courts in this District have consistently found that personal privacy interests, including those articulated above, including protection of personal identifying information, location information, and information about non-party individuals, constitute such a substantial interest. *See, e.g.*, *T2 Techs.*, 2016 WL 9735763, at *6 (restricting telephone subscriber information); *Oldershaw*, 2017 WL 11688073, at *2 (restricting addresses and employment information).

Redaction of the designated portions of the telephone records is consistent with this Court's own Protective Order, which expressly contemplates that private personal information may be designated as CONFIDENTIAL and restricted from public access. (ECF No. 64 ¶ 3-10.) Plaintiff timely designated the documents in their entirety pursuant to that Order without objection. The public interest in accessing these specific portions of

the records is minimal. As an initial matter, none of the portions of the records sought to be redacted are in any way relied upon in the Defendant's Motion for Summary Judgment, and so the public has little interest in irrelevant information that will not be implicated in the Court's decision on the motion. Relatedly, the designated information is personal and private in nature and sheds no light on the merits of Plaintiff's TCPA claims or the conduct of the Defendants. The substantive legal issues in this case can be fully litigated, and the public can fully understand the nature of the dispute, from the unredacted, publicly-available portions of the telephone records.

3.  There is no practicable alternative to the redaction of the designated portions.

Plaintiff proposes the least restrictive means of protecting his personal privacy interests: restricting only those irrelevant calls, IMEI, and cell site geolocation information, while permitting the remainder of the Telephone records to remain publicly accessible. Redacted versions of the telephone records, will be filed on the public docket as Exhibits A and B to this Motion, consistent with the approach approved by courts in this District. *See, e.g.*, *L-3 Commc'ns Corp. v. Jaxon Eng'g & Maint., Inc.*, 2013 WL 5437775, at *8-9 (D. Colo. Sept. 27, 2013) (granting motion for leave to restrict and ordering redacted version of exhibits to be published). The specific information at issue, including phone numbers, IMEI, and cell site information, cannot be adequately protected through any means short of restriction and redaction. Accordingly, Level 1 restriction of the unredacted telephone records is appropriate, with the redacted versions to remain on the public docket.

RESPECTFULLY SUBMITTED AND DATED this March 12, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
Pa. Bar #333687
Perrong Law LLC
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*Attorney for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Andrew Roman Perrong, hereby certify that this document filed through the ECF system will be sent electronically to the registered participants as identified on the Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as non-registered participants on this date.

DATED this March 12, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.