**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF COLORADO**

| | |
|---|---|
| JAY CONNOR, individually and on behalf of all others similarly situated,<br><br>            Plaintiff,<br>     v.<br><br>SERVICEQUIK INC. d/b/a ZING BUSINESS MANAGEMENT SOFTWARE, ET AL<br><br><br>            Defendants. | Case No. 1:24-cv-02286 |

**PLAINTIFF'S MOTION TO DECLINE SUPPLEMENTAL JURISDICTION OVER, AND TO DISMISS WITHOUT PREJUDICE, THE REMAINING STATE LAW CLAIMS**

Plaintiff Jay Connor respectfully moves the Court to resolve the question of subject matter jurisdiction that it directed the parties to address following its May 7, 2026 ruling on Defendant ServiceQuik Inc.'s Motion for Summary Judgment [ECF No. 116]. With the Court's dismissal of Plaintiff's federal claims under the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227, the only claims that remain arise under the South Carolina Telephone Privacy Protection Act ("SCTPPA"), S.C. Code § 37-21-10 *et seq.* No independent basis for federal subject matter jurisdiction over those state law claims remains. The amount in controversy cannot satisfy the $5,000,000 threshold of the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1332(d). The Court should therefore decline to exercise supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) and dismiss the remaining claims without prejudice so that they may be pursued in South Carolina state court and expressly note that nothing in its dismissal order prohibits the remedy of continuing this class action in state court.

Pursuant to Local Civil Rule 7.1(a), undersigned counsel conferred with counsel for Defendant regarding the relief sought in this motion. Defendant has indicated that it does not consent to the relief requested and currently has taken no position on whether it intends to oppose this relief.

## I. Background

Plaintiff filed this putative class action asserting claims under the federal TCPA and the SCTPPA. Federal jurisdiction was premised on federal question jurisdiction over the TCPA claims, 28 U.S.C. § 1331, and on the Federal Class Action Fairness Act (CAFA), 28 U.S.C. § 1332(d), and supplemental jurisdiction under 28 U.S.C. § 1367, as to the state law class claims.

On May 7, 2026, the Court granted in part and denied in part Defendant's Motion for Summary Judgment and dismissed Plaintiff's federal TCPA claims. The Court further directed the parties to address whether it retains jurisdiction in connection with Plaintiff's forthcoming Motion to Amend. This motion sets out Plaintiff's position on that question.

The summary judgment ruling is dispositive of the jurisdictional posture. In connection with this litigation, Plaintiff's expert, Aaron Woolfson, analyzed a lead list of 82,940 telephone numbers produced in discovery. From the list of leads provided, Mr. Woolfson identified 18,906 unique numbers that were wireless on or after February 23, 2024 and had been sent at least one message while on the National Do Not Call Registry for more than thirty days, a figure that includes Mr. Connor's number. Of those 18,906 numbers, only 213 unique numbers carried a South Carolina area code, including Mr. Connor's number ending in -4444. Despite the presence of additional data that has yet to be analyzed by Mr. Woolfson in the form of a supplemental production of

21 additional lists, most containing around 20,000 numbers each (with some duplicates), even an increase of unique South Carolina numbers by orders of magnitude would likely be insufficient to satisfy CAFA's monetary requirements, to say nothing of this Court's discretionary jurisdiction under CAFA.

The SCTPPA is a South Carolina statute. The universe of persons who could assert claims under it is 213 South Carolina numbers identified by Plaintiff's own expert, which is subject to increase as additional records are analyzed, but which are exceedingly unlikely to satisfy CAFA's jurisdictional threshold.

That fact governs the jurisdictional analysis below.

## II. Legal Standard

Federal courts are courts of limited jurisdiction, and "it is to be presumed that a cause lies outside this limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). The party invoking federal jurisdiction bears the burden of establishing it, and subject matter jurisdiction may be raised at any stage and cannot be waived or forfeited.

CAFA confers original jurisdiction over a class action only where there is minimal diversity, the proposed class exceeds 100 members, and "the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(2), (d)(5)(B). Where a court's jurisdiction over state law claims rests only on supplemental jurisdiction, 28 U.S.C. § 1367(a), the court "may decline to exercise supplemental jurisdiction" once it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3).

### III.  No Independent Basis for Original Jurisdiction Over the SCTPPA Claims Remains

#### A.  The dismissal of the TCPA claims extinguished the only federal question basis for jurisdiction.

Federal question jurisdiction in this case rested entirely on the TCPA claims. The Court's summary judgment ruling dismissed those claims. The SCTPPA claims present no federal question. They arise wholly under South Carolina law. The § 1331 basis for jurisdiction is therefore gone.

The Supreme Court recently confirmed the consequence of such a procedural posture. In *Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 43 (2025), the Court held that once the claims supplying original jurisdiction are eliminated, the remaining state-law claims are "supplemental to nothing," and § 1367(a) does not authorize a federal court to resolve them. Although *Royal Canin* arose on amendment of a removed complaint, its logic applies with equal force here. With the TCPA claims dismissed, and to be formally removed from the case in Plaintiff's forthcoming amended complaint, the SCTPPA claims no longer attach to any anchor of original jurisdiction.

#### B.  CAFA cannot supply original jurisdiction because the amount in controversy likely will not reach $5,000,000.

The SCTPPA authorizes statutory damages of $1,000 for each violation, S.C. Code Ann. § 37-21-80(A), which a court may increase, in its discretion, to an amount not exceeding $5,000 per violation upon a finding of a willful violation, *id.* § 37-21-80(B), together with reasonable attorneys' fees and costs, *id.* § 37-21-80(C).

Measured against the size of the class the SCTPPA class can reach, the 213 South Carolina numbers identified by Plaintiff's expert, even if increased by orders of magnitude as the result of supplemental production, will likely fall far short of CAFA's

aggregate threshold. At the baseline $1,000 statutory amount, a single violation per number yields $213,000. Even at the maximum $5,000 willful violation amount, a single violation per number yields $1,065,000. Even if the class size increased by 21 times for each additional list remaining to be analyzed, that would still reach only $4.4 million in minimum damages. To clear $5,000,000, the class would need to recover, on average, more than $23,474 per number, the equivalent of roughly twenty three separate $1,000 violations, or nearly five maximum willful violations, for every one of the 213 numbers currently analyzed. Plaintiff concedes that even generous assumptions about multiple violations and discretionary willful trebling, together with statutory attorneys' fees, likely cannot bridge the gap.

Plaintiff, as the party that originally invoked CAFA, cannot, consistent with his obligations to this Court, in good faith carry the burden of demonstrating that the $5,000,000 threshold is satisfied. On the present record it admittedly is not, and it likely will be unsatisfied even once the supplemental records are analyzed. CAFA therefore does no supply original jurisdiction over the remaining SCTPPA claims. Those claims were, at all times, supplemental to the federal TCPA claims.

## IV.  The Court Should Decline to Exercise Supplemental Jurisdiction Under 28 U.S.C. § 1367(c)(3)

Because the SCTPPA claims rest only on supplemental jurisdiction, and because the Court has dismissed all claims over which it had original jurisdiction, § 1367(c)(3) authorizes the Court to decline supplemental jurisdiction. The Supreme Court has instructed that when federal claims are dismissed before trial, the balance of factors, judicial economy, convenience, fairness, and comity, "will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie-Mellon Univ. v.*

5

*Cohill*, 484 U.S. 343, 350 n.7 (1988). The Tenth Circuit applies the same rule with a strong presumption. "When all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid By & Through Enid City Comm'n*, 149 F.3d 1151, 1156 (10th Cir. 1998).

Comity considerations are especially weighty here. The SCTPPA is a relatively novel South Carolina statute, and its interpretation, including the standard for willfulness, and the statute's affirmative defenses, is best entrusted to South Carolina courts. Indeed, the statute itself contemplates enforcement in those courts, providing that an action for damages, fees, and costs "may be filed in an appropriate circuit court." S.C. Code Ann. § 37-21-80(D). This case has not reached trial, and the values that § 1367(c)(3) protects all favor a South Carolina forum.

## V.  The Proper Disposition Is Dismissal Without Prejudice. Transfer Is Not Available.

Because the Court likely lacks subject matter jurisdiction over the remaining claims, the proper disposition is dismissal without prejudice with explicit leave to continue the case in South Carolina state court. Transfer under 28 U.S.C. § 1631 is not an available mechanism for moving this case to a South Carolina state court, for two independent reasons.

First, § 1631 authorizes a transfer for want of jurisdiction only "to any other such court," that is, to another court as defined in 28 U.S.C. § 610. Section 610 defines "courts" to mean the federal courts of appeals and district courts, the Court of Federal Claims, the Court of International Trade, and specified territorial courts. State courts, including the South Carolina Court of Common Pleas for Charleston County, are not

6

among them. Section 1631 therefore does not permit transfer from a federal district court to a state court.

Second, the Court cannot remand this case to state court because this action was originally brought in federal court and there is no state action to remand this case.

Nor can a dismissal without prejudice affect Plaintiff's ability to pursue the SCTPPA claims in state court. The federal supplemental jurisdiction statute tolls the limitations period for any supplemental claim "while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period." 28 U.S.C. § 1367(d). The Supreme Court has held that this provision stops the limitations clock entirely while the claim is pending in federal court. *Artis v. D.C.*, 583 U.S. 71, 84 (2018). Plaintiff may therefore refile the SCTPPA claims in the South Carolina Court of Common Pleas for Charleston County, the "appropriate circuit court" the statute designates, S.C. Code Ann. § 37-21-80(D), without a limitations bar.

## VI.  The Dismissal Should Not Operate as an Adjudication on the Merits.

Because Plaintiff previously dismissed an earlier, individual state court action without prejudice before these claims were refiled in this Court, Plaintiff respectfully requests that the Court specify in its order that the present dismissal is without prejudice and is entered for lack of subject matter jurisdiction as to the state court claims only. So specified, the dismissal does not operate as an adjudication on the merits.

This dismissal should not operate as an adjudication on the merits under any "two dismissal" rule. Plaintiff is not filing a notice of voluntary dismissal under Rule 41(a)(1)(A)(i). He is asking the Court to enter an order declining supplemental jurisdiction under 28 U.S.C. § 1367(c)(3) after the dismissal of the federal claims. The

two dismissal rule is textually limited to a second notice of dismissal, does not apply to a dismissal by court order, and it does not apply to a jurisdictional disposition that does not adjudicate the merits of the state-law claims. *See* Fed. R. Civ. P. 41(a)(1)(B), 41(a)(2), 41(b); *Sutton Place Dev. Co. v. Abacus Mortg. Inv. Co.*, 826 F.2d 637, 640 (7th Cir. 1987) (holding that two dismissal rule only applies to voluntary dismissals, not court orders); *Brown v. Hartshorne Pub. Sch. Dist. No. 1*, 926 F.2d 959, 961 (10th Cir. 1991) (holding that two dismissal rule only applies when second suit voluntarily dismisses the same claims).The prior state court dismissal therefore does not convert this Court's jurisdictional dismissal into a merits adjudication. To avoid any possible confusion, Plaintiff respectfully requests that the Court's order state that the dismissal is pursuant to § 1367(c)(3), is without prejudice for lack of subject matter jurisdiction, is not entered under Rule 41(a)(1), and does not prohibit Plaintiff from pursuing those claims in South Carolina state court.

Second, and independently, a dismissal for lack of subject matter jurisdiction is not an adjudication on the merits. *Cogswell v. United States Senate*, No. CIV08CV01929REBMEH, 2009 WL 529243, at *9 (D. Colo. Mar. 2, 2009). Both Rule 41(b) and its South Carolina counterpart provide that a dismissal "for lack of jurisdiction" does not operate as an adjudication upon the merits. Fed. R. Civ. P. 41(b); Rule 41(b), SCRCP. That exception reflects the basic principle that a court that lacks subject matter jurisdiction can usually never dismiss a case with prejudice. *Hollander v. Sandoz Pharm. Corp.*, 289 F.3d 1193, 1216 (10th Cir. 2002).

## VII.  Conclusion

For the foregoing reasons, Plaintiff respectfully requests that the Court: (1) determine that it lacks original jurisdiction over the remaining SCTPPA claims, (2) decline to exercise supplemental jurisdiction over those claims under 28 U.S.C. § 1367(c)(3), and (3) dismiss the remaining claims without prejudice for lack of subject matter jurisdiction and expressly holding they may be refiled in South Carolina state court. Plaintiff further requests such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED AND DATED this June 4, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.
*Perrong Law LLC*
2657 Mount Carmel Avenue
Glenside, Pennsylvania 19038
Phone: 215-225-5529 (CALL-LAW)
Facsimile: 888-329-0305
a@perronglaw.com

*/s/ Anthony Paronich*
Anthony Paronich
Email:  anthony@paronichlaw.com
PARONICH LAW, P.C.
350 Lincoln Street, Suite 2400
Hingham, MA 02043
Telephone:  (617) 485-0018
Facsimile:  (508) 318-8100

*Attorneys for Plaintiff and the Proposed Class*

## CERTIFICATE OF SERVICE

I, Andrew Roman Perrong, hereby certify that this document filed through the

ECF system will be sent electronically to the registered participants as identified on the

Notice of Electronic Filing (NEF) and paper copies will be sent to those indicated as

non-registered participants on this date.

DATED this June 4, 2026.

*/s/ Andrew Roman Perrong*
Andrew Roman Perrong, Esq.